GRACE I. SWEET et al., Appellants, *v.* FRANK E. CAMPBELL et al., Respondents.

Argued January 10, 1940; decided March 5, 1940.

*Roscoe H. Hupper* and *J. Franklin Fort* for appellants. Since triable issues of fact concerning nuisance were presented by the complaint and answer, summary judgment under rule 113 was not permissible. (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459; *Curry* v. *McKenzie*, 239 N. Y. 267; *277 Park Avenue Corp.* v. *Pardee*, 251 App. Div. 707; *Gaumont British Picture Corp.* v. *Fink*, 251 App. Div. 718; *Slattery* v. *Herbstone Realty Co.*, 233 N. Y. 420; *Bove* v. *Donner-Hanna Coke Corp.*, 236 App. Div. 37.) The building zone resolution did not prevent immediate prosecution of this action for injunction to restrain a nuisance and it has no relevancy to the case. (*Matter of Goelet* v. *Moss*, 248 App. Div. 499; 273 N. Y. 503; *Matter of Phipps Estates* v. *Moss*, 248 App. Div. 872; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; *Morton* v. *Mayor*, 140 N. Y. 207; *Squaw Island Freight Terminal Co.* v. *City of Buffalo*, 246 App. Div. 472; *Sammons* v. *City of Gloversville*, 175 N. Y. 346; *Baltimore & Potomac R. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 317; *Euclid* v. *Ambler Co.*, 272 U. S. 365; *Hudson* v. *Town of Oyster Bay*, 248 App. Div. 737.)

*Samuel Seabury* and *Lee McCanliss* for respondents. The zoning resolution specifically prohibits certain specified uses. The use here involved is not one of those prohibited; it is, therefore, permitted. (*Matter of Monument Garage Corp.* v. *Levy*, 266 N. Y. 339; *Matter of Goelet* v. *Moss*, 248 App. Div. 499; 273 N. Y. 503; *Bove* v. *Donner-Hanna Coke Corp.*, 236 App. Div. 37; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Stoddard* v. *Snodgrass*, 117 Ore. 262; *Linsler* v. *Booth Undertaking Co.*, 120 Wash. 177; *Kirk* v. *Mabis*, 215 Iowa, 769.) The permit is a final and conclusive determination that defendants are entitled to improve their property as proposed. (*Ottinger* v. *Arenal Realty Co.*, 257 N. Y. 371; *Coley* v. *Campbell*, 126 Misc. Rep. 869; *Matter of Towers*

*Corp.* v. *Thatcher*, 271 N. Y. 94; *Matter of Rosenbush* v. *Keller*, 271 N. Y. 282; *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh*, 203 App. Div. 468; *Matter of Kesbec, Inc.,* v. *Reville*, 246 App. Div. 694; *Town of Greece* v. *Smith,* 256 App. Div. 886; *Matter of Beekman* v. *Talbot*, 278 N. Y. 146.)

RIPPEY, J.  This is an action in equity by residents of the locality to restrain the use by defendants of certain premises owned by them and located at the northwesterly corner of Madison avenue and Eighty-first street in the city of New York for a funeral church and general undertaking establishment on the ground that such location and occupation and use of the property would constitute a nuisance.  Upon motion by defendant, under rule 113 of the Rules of Civil Practice, after answer, summary judgment was granted at Special Term for defendant and the complaint was dismissed with the proviso that the dismissal of the complaint was " without prejudice to the institution of a new action after the completion of the proposed structure referred to in said complaint and the commencement of its use for undertaking and funeral purposes."  The Appellate Division affirmed and the case reaches us by permission of this court.

We need not now consider the subject of nuisance by way of definition and determine whether the proposed use would constitute a private nuisance (Cf. Blackstone's Commentaries, Book III, p. 216; *Arthur* v. *Virkler*, 144 Misc. Rep. 483), or whether the occupation and use of the property would amount to a nuisance under any circumstances regardless of location and surroundings (Cf. *Melker* v. *City of New York*, 190 N. Y. 481, 487–489).  It is sufficient, at least, at this time to point out that the facts set up in the complaint, if established by competent and adequate proof upon a trial of the action, would furnish the foundation upon which a finding, if made, might be sustained, to the effect that the proposed occupation and use of the premises by defendants are unwarranted and unreasonable and constitute an action-

able injury to the plaintiffs and a detriment to their properties. The complaint, on its face, states facts sufficient to constitute a cause of action.

Defendants in their answer put in issue the material allegations of the complaint. They affirmatively allege that they had procured a permit from the Commissioner of Buildings and Housing for the erection of a building for the use in question, that the premises were located in a " restricted retail district," as provided in the zoning regulations, in which any use was permitted which was not expressly prohibited and that the proposed location and use of the premises was not within any of the excluded uses. The question presented is whether those allegations in the answer established by documentary evidence, *i. e.*, the permit and the zoning law, set forth a defense sufficiently conclusive, as matter of law, to defeat recovery by plaintiffs (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459).

It is the contention of defendants that the building complies with the Building Code of the city, that the zoning regulations do not forbid the location on and use of the premises for a funeral and undertaking establishment, that defendants have procured a permit from the proper authorities for such location and use which constitutes a conclusive adjudication that neither is prohibited by the zoning law, that the issuance thereof is reviewable only by the Board of Standards and Appeals, and that section 645 (a) of the New York city charter (effective Jan. 1, 1938) makes the permit, subject only to such review, a conclusive adjudication that the erection of the building is in accordance with all provisions of the rules, regulations, ordinances and statutes applicable thereto. We assume, but do not decide, that all of those contentions of defendants may be sustained. Nevertheless, even so, the right of plaintiffs to challenge, in an action in equity, the location of the funeral establishment and proposed use of the property on the ground that it constitutes a nuisance still remains (*Rowland* v. *Miller*, 139 N. Y. 93; *Foster* v. *Scott*, 136 N. Y. 577; *Slattery* v. *Herbstone Realty Co.*, 233 N. Y. 420; *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365, 386–388).

The judgments appealed from should be reversed, with costs in all courts, and the motion for summary judgment denied.

CONWAY, J. (dissenting). Plaintiffs seek an injunction restraining defendants from *using* the premises and property at Eighty-first street and Madison avenue in New York city for the *maintenance and conduct* of an undertaking business, and demand judgment " That the nuisance that *would be* created by *maintenance and conduct* of an undertaking business on said premises by defendants be permanently enjoined."

The claim is that the conduct of an undertaking business will constitute a nuisance. The answer consists of denials of the material allegations of the complaint and affirmatively alleges that permits were issued by the Department of Housing and Building for the construction of the building for the use in question and that the premises are located in a district which under the Amended Building Zone Resolution is in a restricted retail district and that in such a district the business in question is permitted.

The motion was made under rule 113 of the Rules of Civil Practice and there was submitted in support of the motion copies of the permits issued by the Department of Housing and Buildings and a copy of article 2 of the Amended Building Zone Resolution covering use districts. These constitute the official record required by the rule.

In opposition to the motion there was submitted no affidavit except one made by the attorney who had charge of the action which discussed questions of law only.

The learned justice at Special Term dismissed the complaint without prejudice to the institution of a new action after the completion of the proposed structure and the commencement of its use for undertaking and funeral purposes. Upon this record this was a correct disposition unless it must be held that the use of the premises as an undertaking establishment is *necessarily* a nuisance. That it may become a nuisance by reason of the manner in which the business is conducted after the erection of the building

to house it is not questioned. Allegations bearing upon the manner in which the premises will actually be operated in the future are, of course, premature and speculative. Can we then say in advance that no undertaking establishment, no matter how inoffensively it may be run and operated, may be permitted upon these premises?

These premises are in a use district known under the Amended Building Zone Resolution as a restricted retail district. Such a district is in reality a limited business district. In a business district forty-six trades, industries and uses are forbidden. A retail district is the same as a business district except that the manufacture of certain articles and the treatment of certain products are not permitted. A restricted retail district is the same as a retail district with certain exceptions not here material. Neither an undertaking establishment nor a funeral parlor is one of the uses prohibited. Since, upon the premises in suit, the conduct of an undertaking establishment is not forbidden, it is permitted. (*Matter of Monument Garage Corp.* v. *Levy*, 266 N. Y. 339, 343.)

The Commissioner of Buildings held a hearing in connection with the objections to the proposed building which was attended by the attorney for the plaintiffs who requested that no permit be issued until the final determination of this litigation. Thereafter the building permits were issued. If the plaintiffs herein felt aggrieved by the issuance of the permits their remedy was by appeal to the Board of Standards and Appeals. In the event of an unfavorable ruling there they would be entitled to a review by the Supreme Court. None of the plaintiffs, except one, did this, and their time to appeal to the Board of Standards and Appeals has expired. The plaintiff who did appeal to the Board was unsuccessful and the time to apply for certiorari has expired. The remedies provided by appeal to the Board and certiorari to the Supreme Court must be exhausted before recourse to the courts may be had. In *Matter of Towers Management Corp.* v. *Thatcher* (271 N. Y. 94) this court said (at p. 97, quoting from *People ex rel. Broadway & 96th Street Realty Co.* v. *Walsh*, 203 App. Div. 468):

"The opinion in the *Walsh* case expresses clearly the point of the decisions: 'The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal, which is not limited to an affirmance or reversal of the action of the superintendent of buildings, but may use its judgment in making such modification in his action as in its opinion should be made, and to that end is vested with his powers, in order that the spirit of the law shall be observed, public safety secured and substantial justice done' (p. 474).

"As the petitioner failed to first exhaust its remedy by appeal to the Board of Appeals, the peremptory order of mandamus was improperly granted." (See, also, *Matter of Rosenbush* v. *Keller*, 271 N. Y. 282.)

It is said, however, in the prevailing opinion that, notwithstanding this, the power of a court of equity to enjoin the establishment of a nuisance remains. With this we agree. This undertaking business is not a nuisance *per se.* Its manner of operation may make it one. Plaintiffs here can only speculate upon the fact that it may become a nuisance. If it is operated in such a manner as to make it a nuisance an injunction may then issue. The precise question was involved in *Kirk* v. *Mabis* (215 Iowa, 769), which was a suit in equity to enjoin as a nuisance the establishment and operation of a funeral home in a district which had, by the zoning ordinance, been designated a commercial district. The court there said (at pp. 776, 777): "There is an ordinance which designates the property which the appellee Caldwell is using as a commercial district. Any business, other than those expressly excluded by the ordinance, if properly conducted, so that it would not in and of itself be a nuisance, may be conducted in the district covered by the ordinance. There is nothing in the ordinance which excludes a funeral home. It must be admitted that the business of operating a funeral home is a lawful and necessary business; that if it is operated in a proper manner, and in a proper location, it is not a nuisance *per se.*"

The cases relied on by plaintiffs are those which involve undertaking establishments in residential districts or in places where their existence violated a restrictive covenant. No question of zoning was involved.

The judgment should be affirmed.

FINCH, SEARS and LEWIS, JJ., concur with RIPPEY, J.; CONWAY, J., dissents in opinion, in which LEHMAN, Ch. J., and LOUGHRAN, J., concur.

Judgments reversed, etc.