Harry Bauman, et al., and Nortown Improvement Association, a Not for Profit Corporation, Appellants, v. Piser Undertakers Company, a Corporation, et al., Appellees.

Gen. No. 48,550.

First District, First Division.

February 19, 1962.

Rehearing denied March 8, 1962.

L. Louis Karton, of Chicago, for appellants.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, of counsel), for certain appellees. Arthur J. Baer, Jr. and Benjamin Chodash (Deutsch & Peskin, of counsel), for defendants-appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs seek to enjoin defendant Piser Undertaking Company from constructing and operating an undertaking establishment, on the ground that it will constitute a nuisance in a predominantly residential area. The court sustained motions of all defendants to strike the complaint and dismiss the suit. Plaintiffs appeal.

The complaint alleges, in substance, that defendant Piser proposes to construct an undertaking establishment on vacant property at the southwest corner of North California Avenue and West Granville Avenue in Chicago; that North California Avenue runs north and south, with bus service and heavy vehicular travel; that the immediate area, to the east and west of the proposed funeral establishment, has been for many years devoted "almost exclusively" to residential uses; that business uses in the area have been developed on Devon Avenue, two blocks north, on Peterson Avenue, two blocks south, on Western Avenue, four blocks to the east, and on the four-block stretch of California Avenue between Devon and Peterson; that the other three corners at California and Granville are occupied by a medical building, a Jewel grocery and parking area, and a public school; that California Avenue, from Devon to Peterson, has two synagogues, re-

ligious schools, stores, offices, apartments, filling stations, a garage, a fire station, a children's school, and immediately to the south of the proposed establishment, a community center and Hebrew school.

The complaint further alleges that the plaintiffs are owners and tenants who reside in the immediate area, who have invested large sums of money in their homes and apartments, built schools and synagogues, and have sought to create a fine residential area; that a funeral establishment will constitute a nuisance to the plaintiffs and the other residents of the area, by creating an environment in which it will be unpleasant to live, and will cause mental depression, distress and annoyance, impair their health and happiness, and depreciate the value of their property. Plaintiffs pray that the defendant City be enjoined from issuing a building permit, and that defendant Piser be enjoined from building or operating a funeral establishment on the location described.

Plaintiffs make no attack upon any zoning ordinance, statute, rule or regulation. Their complaint is grounded on the theory that the erection and maintenance of a funeral establishment at the location in question will be a nuisance, which equity should enjoin and abate.

■ ■ A nuisance is something that is offensive, physically, to the senses and, by such offensiveness, makes life uncomfortable. (Rosehill Cemetery Co. v. City of Chicago (1933), 352 Ill 11, 30, 185 NE 170.) A court of chancery has jurisdiction to abate nuisances but is reluctant to exercise its jurisdiction except in clear cases. 29 ILP, Nuisances, § 53.

■ ■ The operation and maintenance of a funeral home or undertaking establishment constitute a lawful business, and neither the business nor the establishment is a nuisance per se. Whether or not a funeral establishment is a nuisance depends on the

147

particular circumstances involved, and it may constitute a nuisance by the way it is conducted or because of its location, as when it is located in a residential district. 66 CJS § 72, p 819; Dawson v. Laufersweiler (1960), 241 Iowa 850, 43 NW2d 726, 730, 731.

■ The determinative question is whether the erection of the instant funeral establishment, for a permitted use on a street zoned for business, can be enjoined as a threatened nuisance if the surrounding area is predominantly residential. The question is one of first impression in this court.

The greater weight of authority expressly holds, or has approved the view, that the establishment and operation of an undertaking business in a purely, or essentially, residential section, under circumstances which cause a depressed feeling to families therein, and a constant reminder of death, appreciably impairing their happiness, or weakening their power to resist disease, and depreciating the value of their property, constitutes a nuisance. 39 ALR2d 1003; Higgins v. Bloch (1925), 213 Ala 209, 104 So 429.

What constitutes a residential district, which affords a basis for injunctive relief, cannot be precisely defined. Not only is the extent to which non-residential uses exist a factor, but there is the further question as to how extensive the area embraced in a residential section shall be. The number, kind, value, and locations of the structures therein, the uses to which the territory is adapted, and all the surrounding facts and circumstances, are to be considered. No hard and fast rule can be laid down. Each case must depend upon its own facts. (Jack Torrant (1950), 136 Conn 414, 71 A2d 705.) A residential area must have a boundary. Outside the boundary, it is not residential and not entitled to its benefits. Inside of that boundary, as a residential district, the area is entitled to the benefit of being free from disturbing business enterprises situated in it. (Mutual Service Funeral Homes v.

148

Fehler (1952), 257 Ala 354, 58 So2d 770.) In residential districts, proximity to a public school or a hospital has been held ground for enjoining a funeral establishment. (Harris v. Sutton (1929), 168 Ga 565, 148 SE 403; Hatcher v. Hitchcock (1929), 129 Kan 88, 281 P 869.) The fact that property is zoned to permit an undertaking establishment does not bar the right to challenge, in an action in equity, the location of the funeral establishment and proposed use of the property on the ground that it constitutes a nuisance. Sweet v. Campbell (1940), 282 NY 146, 25 NE2d 963.

■■ The matter of locating funeral homes is within the legislative discretion, and the propriety of such action is a debatable question for determination by the City Council and not by the courts. There is no hard and fast rule as to the location of dividing lines in zoning some types of territory, and in some cases it has been held "that it was not unreasonable to have different zoning classifications on either side of the streets there involved." Mahoney v. City of Chicago (1956), 9 Ill2d 156, 159, 161, 137 NE2d 37.

Plaintiffs' complaint, examined in the light of these various guideposts, shows that the Piser building is being erected on a business street, zoned to permit the erection and use of an undertaking establishment, which is a lawful business enterprise and not a nuisance per se; that the intended use does not come within the accepted definition of a nuisance in a business district; and that, although the adjoining area, east and west of California, is a predominantly residential neighborhood, in which a funeral establishment might be shown to be a nuisance, the funeral establishment and its prospective operation will be on California Avenue, an active business street, not in a state of transition from residential to commercial use.

A funeral establishment is a lawful and indispensable business, and there must be some place in a city where it may be properly located. In a large metropoli-

149

tan area, the heart of the business district is hardly an appropriate place, nor is it reasonable or necessary to require the location of such an establishment on the outskirts of the city. It is a matter of common knowledge that funeral establishments, in various cities and towns throughout the nation, are located on or near the edges of areas which are "purely residential" and not "predominantly residential." It would seem, in the absence of municipal restrictions, a carefully conducted funeral establishment may be located on a properly zoned business street, at the edge of an area that is "predominantly residential," such as is described in the complaint. The fact that the location of the funeral establishment would depreciate the value of plaintiffs' property for residence purposes does not entitle them to relief. Dawson v. Laufersweiler, 241 Iowa 850, 43 NW2d 726, 732.

For the reasons stated, we conclude that plaintiffs' complaint fails to set forth facts which would entitle them to equitable relief. Our disposition of this appeal renders it unnecessary to consider other contentions urged by the respective parties to this appeal.

Accordingly, the order sustaining defendants' motions to strike and dismissing plaintiffs' complaint is affirmed.

Affirmed.

BURMAN and ENGLISH, JJ., concur.