Glenn W. Bieretz, et al., Plaintiffs-Appellants, v. The Village of Montgomery, Illinois, et al., Defendants-Appellees.

Gen. No. 65–119.

Second District.

February 11, 1966.

Goldsmith, Dyer & Thelin, of Aurora, for appellants.

N. Vance McCay, R. Stanley Stiles, and Tyler & Peskind, all of Aurora, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

This is a Declaratory Judgment action transferred to this Court by the Illinois Supreme Court, challenging the validity of an amendatory zoning ordinance of the Village of Montgomery in Kane County.

Montgomery, a Village of about three thousand persons, is bi-sected by the Fox River and lies immediately south of the City of Aurora. In 1954 the Village adopted a zoning ordinance dividing the Village into five zoning classifications and providing that all territory annexed to the Village would be automatically classified in the residential district until changed by a subsequent ordinance.

Prior to the adoption of the ordinance here in controversy, funeral homes were not a permitted use in the residential district.

One Wayne Dieterle, the owner of certain residentially zoned premises in the Village, petitioned the corporate authorities of the Village of Montgomery to revise their zoning ordinance so as to permit funeral homes in the residential district. The board of trustees, on its own motion, referred this question to the zoning board of appeals of the Village and a public hearing was held. In strict compliance with current American folkways, the right of someone else to use his property immediately became an important public question. Petitions were circulated and 367 residents of the Village approved the proposal, whereas 203 residents found objection. More than one-sixth of the whole population of the Village became interested in the matter. The public hearing was attended by vast numbers. Suffice it is to say that the Village

405

authorities concluded, as a result of their informal referendum, that the zoning ordinance of the Village should be amended to permit funeral homes in the residential district, and the amendatory ordinance here in question was adopted.

■ ■ While the whole current system of petitions, quasi referendums, and the like seem repugnant to the constitutional rights of an individual to use and enjoy private property, we are mindful of the fact that local governmental authorities have the right to regulate the use of private property and that these regulations will only be disturbed if arbitrary, or if they have been imposed without proper attention to statutory requirements.

Upon the adoption of the amendatory ordinance this action was brought by 30 owners of nearby property. The trial court upheld the validity of the ordinance. This appeal followed raising three issues which are before us.

■ The first issue raised by the plaintiff is that the petition filed by Dieterle did not meet the requirements of the Village Zoning Ordinance. The Ordinance requires that a petition be signed and acknowledged by the owners of the property. The petition was not acknowledged and was not signed by a Mrs. Dieterle, who was a joint owner with her husband. We note, however, that the Zoning Ordinance permits amendments to be initiated by the president and board of trustees of the Village on their own motion without any petition at all. It appears that after receipt of the request from Dieterle, the president and board of trustees of the Village referred the question to the Zoning Board of Appeals on its own motion. Therefore, no petition was necessary. The fact that the petition did not comply exactly with the ordinance is of no consequence.

■ ■ The plaintiff's next contention is that the notice of the public hearing was not in compliance with the Zoning Ordinance. Section 11–13–14 of chapter 24 of the Illinois Revised Statutes provides that no zoning

amendments may be made without a hearing and that notice of the time and place of the hearing shall be given. The Village Zoning Ordinance provides that the notice shall indicate the changes or amendments proposed to be made in the regulations or in the district boundary lines, in addition, to indicating the time and place of hearing. While the corporate authorities of a municipality may not establish requirements inconsistent with the statute, it is clear that within the statutory limits the corporate authorities have the right to prescribe details as to hearings and the notice thereof. Cain v. Lyddon, 343 Ill 217, 175 NE 391 (1931); Treadway v. City of Rockford, 24 Ill 2d 488, 182 NE2d 219 (1962).

In this case the notice indicated the time and place of the public hearing and advised that the matter under consideration was the recommendation of Dieterle that a revision be made in the Zoning Ordinance of the Village concerning future zoning classification for funeral homes.

 It must be pointed out that the request did not concern a reclassification of a particular piece of property, but rather an amendment to the regulations in the body of the Ordinance. The Village authorities never considered the rezoning of the Dieterle property to permit funeral homes. Instead, they considered a change in the regulations to permit funeral homes in any residential district. Therefore, it was not necessary that the notice describe a particular piece of property. The statute and Village Zoning Ordinance only required that the time and place of the hearing be indicated together with the nature of the proposed amendment. It appears that these requirements were met. We are not concerned with the reclassification of a particular piece of property and we, therefore, do not pass upon the validity of the notice herein involved, were it to apply to such a case.

 The last contention raised by the plaintiff is that the action of the corporate authorities in adopting the amendatory ordinance was arbitrary and unreason-

able. All are familiar with the proposition that a municipal ordinance is presumed valid and will not be upset absent a finding that the corporate authorities acted arbitrarily and unreasonably. Where there is a fair difference of opinion the legislative judgment must prevail. The matter of locating funeral homes is within the legislative discretion and presents a question to be determined by the corporate authorities and not by the court. Mahoney v. City of Chicago, 9 Ill2d 156, 137 NE2d 37 (1956); Johnson v. Village of Villa Park, 370 Ill 272, 18 NE2d 887 (1939).

 Numerous witnesses testified on both sides. The plaintiff's witnesses testified that there would be a depreciation in the value of surrounding property and that the use of the Dieterle premises would increase traffic congestion. The defendant's witnesses denied that there would be any depreciation of values or increase in traffic. Again, we must have in mind that the amendment before the corporate authorities did not deal with the Dieterle property specifically, but rather with every residential district in the Village. The corporate authorities could reasonably have found that the establishment of funeral homes in residential districts was not detrimental. We cannot conclude that the corporate authorities acted arbitrarily. The most that can be said for the plaintiff's position is that there is a fair difference of opinion and as has been stated, when a fair difference exists the Courts will not interfere with the legislative judgment. We note that the Village Zoning Ordinance prior to the amendment permitted residences, parks, municipal utilities, schools, hospitals and other uses in the residential zone. It is not unreasonable to add funeral homes into this classification. See, Johnson v. Village of Villa Park, supra.

 In this connection the plaintiff contends that a funeral home constitutes a nuisance per se. The plaintiff cites Bauman v. Piser Undertakers Co., 34 Ill App2d

145, 180 NE2d 705 (1962). However, in the Bauman case, the court said at page 147,

> "The operation and maintenance of a funeral home or undertaking establishment constitute a lawful business, and neither the business nor the establishment is a nuisance per se."

The Court further said at page 149,

> "The matter of locating funeral homes is within the legislative discretion, and the propriety of such action is a debatable question for determination by the City Council and not by the Courts."

The court also noted at the same page, that,

> "A funeral establishment is a lawful and indispensable business, and there must be some place in a city where it may be properly located."

A funeral home may be a nuisance in fact under particular circumstances, but it is not and cannot be a nuisance per se. The record before us does not indicate anything at all from which we could conclude that a funeral home in this instance is a nuisance in fact. And, it must be remembered again that the amendatory ordinance in question did not deal with a particular funeral home or a particular piece of property, but rather with the granting of permission to establish funeral homes in all residential districts.

We conclude that the Village complied with the technical requirements of the statute and its own ordinance and that the corporate authorities did not abuse their discretion in adopting the amendatory ordinance. The trial court was correct in reaching this conclusion.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.