[U. S. Dist. Ct. So. District of New York, Nov. 8, 1972]. N. Y. L. J. Nov. 9, 1972, p. 1, col. 6, *Herman* v. *Trans World Airlines*, 40 A D 2d 850). Concur — McGivern, J. P., Nunez, Kupferman, McNally and Capozzoli, JJ.

■ HILLSIDE PROPERTY OWNERS ASSOCIATION, INC., et al., Appellants, v. SALANTER AKIBA RIVERDALE ACADEMY, Respondent. HILLSIDE PROPERTY OWNERS ASSOCIATION, INC., et al., Appellants, v. HEBREW HOSPITAL FOR CHRONIC SICK, INC., et al., Respondents.

Order and judgment (one paper), Supreme Court, Bronx County, entered on October 6, 1972, unanimously modified, on the law, to deny defendant-respondent's motion to dismiss the complaint to the extent of reinstating the second, third, and fourth causes of action stated therein, and otherwise affirmed, without costs and without disbursements.

Order and judgment, Supreme Court, Bronx County, entered on September 25, 1972, unanimously modified, on the law, to deny defendants-respondents' motion to dismiss the complaint to the extent of reinstating the second and third causes of action stated therein, and otherwise affirmed, without costs and without disbursements.

Each of these two cases involves a project to build a high-rise quasi-public building in the residential reaches of Riverdale in Bronx County: one a nursing home facility of some 369 beds; the other, a grammar grade school of about 600 pupils. In each instance, a group of home owners has united to commence an action for declaratory judgment and injunction to prevent the projected construction. Without undue oversimplicity, it may be stated that the complaints are virtually identical: each states causes of violation of zoning regulations (first cause in each case); of nuisance (second, in each case); of violation of ancient restrictive covenants (third and fourth causes as to the school; second as to the nursing home). There is a fifth cause asserted against the school of violation of the Executive Law in technical respects; it is apparently recognized by the parties and not disputed on appeal, that later compliance with the law has rendered this point academic. In each instance, Special Term has dismissed the complaint; we agree as to claimed zoning violations, and we reverse as to the causes for nuisance and the effect of the restrictive covenants, holding as to both claims that there are issues of fact which require a trial.* For the purposes of this writing, it may be stated that the remaining issues in both cases are virtually the same. Certainly this is so as to nuisance, claimed to be the inevitable consequence of construction and the concomitant of operation of both the school and the nursing home. As to this, both Justices at Special Term spoke with one voice: the prospect of such claimed nuisance is either "conjectural" or "speculative"; the application is premature; if nuisance does actually eventuate after commencement of operation, "the plaintiffs may then seek to abate a particular nuisance"; there is not presently a clear showing of entitlement to the relief sought. These expressions in themselves demonstrate existence of a question of fact. (See *Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 404.) Further, it seems to defy common sense to defer trial of the issues presented to a future date, for possible future abatement, after completion of construction of the magnitude proposed. It is quite possible that plaintiffs may well be able, on the basis of known factors, to show at this time what human experience would irresistibly indicate to be the necessary result of operation of the facilities intended to be built. And, should plaintiffs not be able so to demonstrate at a trial, that

---

* Certain other aspects of the motions, the dispositions of which we also affirm, require no future discussion here.

worry about the future would be lifted from defendants. (See *Sweet* v. *Campbell*, 282 N. Y. 146.) The decisions as to the effect of alleged restrictive covenants, dismissing the third and fourth causes in the school case (third, nursing home case), rely on documents establishing, say defendants, release by grantees of the original granters who had entered into these covenants. Several issues of fact are apparent. To begin with, were releases ever obtained from grantees of neighboring land, not part of the actual construction sites? Was Mrs. Allein, one of the grantors in the title chain of a portion of the nursing home site, actually the owner of all that site as to which there is a disputed release? Did the court in the school case ever actually have before it the title certificate relied on by defendants (CPLR 4523; Real Property Law, § 385) to establish that the restrictions were no longer applicable? Did the court rely on a mere conclusion? Was this conclusion actually rebutted? Did selective permitted departures from the restrictive scheme permit a conclusion that it no longer had force? Did the covenanters mean literally that construction was limited to country homes or did a listing of permissible types of construction vitiate this limitation? All these questions, and more, raise issues of fact not summarily to be disposed of, and certainly not in the face of expressions by both Special Terms indicating a lack of certainty. All these issues require a trial and, for the benefit of all concerned, as speedily as may be. Concur — McGivern, J. P., Markewich, Kupferman, Murphy and Tilzer, JJ.