WHEELING TRUST AND SAVINGS BANK, Plaintiff-Appellee, *v.* VILLAGE OF MOUNT PROSPECT, Defendant-Appellee.—(ROBERT M. BARRETT *et al.*, Petitioning Intervenors-Appellants.)

(No. 60830; )

First District (5th Division)—May 23, 1975.

Kreger and Karton, Ltd., of Chicago, for appellants.

Di Leonardi & O'Brien, Ltd., of Chicago (Robert J. Di Leonardi, of counsel), for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff brought this action against defendant Village of Mount Prospect (hereinafter "the Village") seeking to declare the zoning ordinance of the Village unconstitutional as applied to its property. The court below denied petitioners leave to intervene as defendants in the action, and on the same day entered a final judgment order by agreement of plaintiff and the Village settling the dispute. Petitioners appeal from both orders contending that the court erred in determining that their petition was not timely filed.

On August 14, 1973, a complaint was filed seeking to declare invalid the zoning ordinance of the Village as being arbitrary, discriminatory and oppressive as applied to plaintiff's property. The complaint alleged that plaintiff wanted to construct a "6 story building containing commercial uses on the first floor and 113 dwelling units in the upper 5 floors." Such uses were permitted under the Comprehensive Zoning Ordinance of Cook County prior to the involuntary annexation of the subject property by the Village, but the Village's zoning ordinance prohibited the construction of buildings the height requested by plaintiff. It was further alleged that plaintiff petitioned the Village for rezoning of the subject property, and that subsequent to a public hearing four members of the seven-member Village Board of Trustees voted for the proposed change. However, an affirmative vote of two-thirds of the members was required because the proposed change was "protested" by "nearby single family homeowners," and consequently the change was denied. An answer containing general denials was filed on behalf of the Village.

On April 24, 1974, petitioners filed their petition to intervene as defendants. It alleged that petitioners all own or live in single-family residences within 500 feet of the subject property, and that the value of their

property would be seriously decreased if the subject property was developed as proposed by plaintiff. It further alleged that petitioners at an April 2, 1974, meeting of the Village Board of Trustees first learned that plaintiff and the Village were about to enter into an agreement to "rezone the subject property to permit the proposed use," and therefore their interests were no longer adequately represented by the Village.

In its answer opposing the petition, plaintiff alleged that the agreement settled all matters in controversy, and further, since the petition was not filed until 9 months after the filing of the complaint, it was not timely. The agreement, which was attached as an exhibit to plaintiff's answer, stated that plaintiff would be allowed to construct 80-dwelling units in a single building on the subject property, that it would be compelled to provide certain sewage improvements for the property, that it commit itself to an agreed upon site plan, and that no commercial uses would be allowed.*

On May 31, 1974, the trial court denied petitioners leave to intervene and entered a judgment on the agreement between plaintiff and the Village.

OPINION

Petitioners' sole contention is that the court below erred in denying them leave to intervene.

Section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 26.1) provides in pertinent part:

> "Upon timely application anyone shall be permitted as of right to intervene in an action  *  *  *  when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action  *  *  *."

■■  Section 26.1 is to be liberally construed. (*Bredberg v. City of Wheaton*, 24 Ill.2d 612, 182 N.E.2d 742; *Mensik v. Smith*, 18 Ill.2d 572, 166 N.E.2d 265.) Its purpose is to expedite litigation by disposing of the entire controversy among the persons involved in one action and to prevent a multiplicity of actions. (*Strader v. Board of Education*, 351 Ill.App. 438, 115 N.E.2d 539.) To that end intervention, though usually allowed only before judgment, will be granted after judgment where it is the only way to protect the rights of the intervenor. Indeed, leave to intervene has been granted even after a decree and appeal where the intervenor's rights were not prejudiced until that time. (*Shlensky v. South Parkway*

---

* The Village did not file an answer in opposition to the petition for leave to intervene nor has it filed a brief in this appeal.

*Building Corp.,* 44 Ill.App.2d 135, 194 N.E.2d 35.) We have found no cases, nor have any been brought to our attention, in which leave to intervene was denied on the basis of lack of timeliness, where no trial has been held and judgment had not been entered.

■■ In the instant case, of course, the issues raised by plaintiff in its complaint and contested by the Village in its answer were never brought to trial. The record reveals that petitioners filed their petition promptly after the April 2 Board of Trustees meeting at which they first learned that the Village had agreed to settle the dispute. This filing was made over 5 weeks before the court entered the final judgment order signifying its acceptance of the settlement. Moreover, there is no doubt that petitioners, as adjoining landowners, possessed an interest in the action which was sufficient to permit their intervention. (*Anundson v. City of Chicago,* 44 Ill.2d 491, 256 N.E.2d 1.) It is our belief that under these circumstances leave to intervene should have been granted.

We note that plaintiff has pointed out that what is complained of by petitioners in their petition and proposed answer is the relief first sought by it (the construction of 113 residential units plus commercial uses in a six-story building) and not the agreed settlement (the construction of 80 residential units). Plaintiff argues that the controversy into which petitioners wished to intervene no longer existed. We believe, however, that since the court could have rejected the proposed settlement, the controversy remained in existence until the final judgment order was entered. It is to be noted that petitioners apparently did not know the precise contents of the agreement when they filed their petition. Counsel has represented at oral argument that the details of the proposed settlement were not revealed at the April 2 Village Board of Trustees meeting nor were the pleadings amended to reflect the contents of the settlement.

In view of the fact that the denial of leave to intervene in the instant case raises the possibility of the initiation of additional litigation, and that the petition was filed in a timely manner, we (1) reverse the judgment on the agreed order between plaintiff and the Village, (2) reverse the order denying petitioners leave to intervene and (3) remand the cause for further proceedings.

Reversed and remanded.

BARRETT, P. J., and SULLIVAN, J., concur.