WHEELING TRUST & SAVINGS BANK, Trustee, Plaintiff-Appellant, *v.* THE VILLAGE OF MOUNT PROSPECT, Defendant-Appellee.—(ROBERT M. BARRETT *et al.*, Intervenors-Defendants-Appellees.)

First District (2nd Division)   No. 77-682

Opinion filed September 26, 1978.

Erwin W. Jentsch, of Di Leonardi & Jentsch, Ltd., of Des Plaines, for appellant.

Robert M. Karton, of Kreger & Karton, Ltd., of Chicago, for appellees Robert M. Barrett *et al.*

Mr. JUSTICE BROWN delivered the opinion of the court:

Plaintiff, as trustee under a land trust agreement, filed a complaint which sought a declaration that the zoning ordinance of the defendant Village was unconstitutional as applied to its property. After remand of the first appeal arising from this cause (*Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1st Dist. 1975), 29 Ill. App. 3d 539, 331 N.E.2d 172), the trial court entered an order dismissing plaintiff's complaint. Plaintiff now appeals from that order. The pertinent facts follow.

Plaintiff petitioned the Village to rezone the subject property from R-X (single family) to PUD R-4 (planned unit development) without setting forth the number of units. The Village Board of Trustees denied the proposed change subsequent to a public hearing held before the Village Plan Commission on April 21, 1972. Plaintiff filed its complaint for declaratory judgment against the Village on August 14, 1973, and therein alleged, as it did at the hearing before the Plan Commission, that it wanted to construct a "6 story building containing commercial uses on the first floor and 113 dwelling units on the upper 5 floors."

During the pendency of the action, certain nearby landowners filed a petition to intervene as defendants and an answer to plaintiff's complaint. The petition alleged that the petitioners had learned that the plaintiff and the Village were about to enter into an agreement to settle the litigation. The agreement, which was attached as an exhibit to plaintiff's answer opposing the petition to intervene, "* * * stated that plaintiff would be allowed to construct 80-dwelling units in a single building on the subject property, that it would be compelled to provide certain sewage improvements for the property, that it commit itself to an agreed upon site plan, and that no commercial uses would be allowed." (*Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1st Dist. 1975), 29 Ill. App. 3d 539, 541, 331 N.E.2d 172.) The agreement, which was not submitted to the Board of Trustees, was executed by the plaintiff as trustee, by the beneficiary of the trust, by plaintiff's attorney, and by the Village mayor and Village attorney.

On May 31, 1974, the trial court denied the petition to intervene and entered a judgment on the agreement between the plaintiff and the Village. We reversed the order denying petitioners leave to intervene, reversed the judgment on the agreed order, and remanded the cause for further proceedings. *Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1st Dist. 1975), 29 Ill. App. 3d 539, 331 N.E.2d 172.

Upon remand, the intervenors filed a motion to dismiss the plaintiff's complaint on November 22, 1976. The motion to dismiss alleged that plaintiff sought rezoning only from R-X single-family residence district to planned unit development (PUD) R-4 classification; that the PUD R-4 classification contains density limitations which would allow a maximum of only 83 dwelling units to be constructed on the subject property and not 113 units; and because the relief sought before the Village Plan Commission did not include a request for a variance from the PUD R-4 classification, the relief sought by plaintiff from the court must be denied as being prohibited by the PUD R-4 classification. It alleged that the notice of the April 21, 1972, public hearing did not request a variance from the provisions of the Village zoning ordinance dealing with planned unit developments.

The motion to dismiss further alleged that an agreed order which would grant plaintiff 113 units as requested before the Village Plan Commission and requested in the complaint would be illegal, contrary to public policy, and void as being violative of section 5.1(b) of the Village zoning ordinance. Section 5.1 is entitled "Special Use in the nature of a Planned Unit Development," and section 5.1(b) provides that a PUD shall be processed in the same manner as a special use, except that the Plan Commission shall conduct the public hearing and report to the president and Board of Trustees. It further alleged that an agreed order which would grant plaintiff *any relief other* than the relief sought before the Village Plan Commission and requested in the complaint would be illegal, contrary to public policy, a denial of due process to intervenors, and void as being violative of: (1) section 5 of the Village zoning ordinance (entitled "Special Uses" and requiring an application for a special use, a public hearing before the Board of Appeals, and report to the President and Board of Trustees by the Board of Appeals); (2) section 30 of the Village zoning ordinance (entitled "Board of Appeals" and providing that no variation or special use shall be granted or recommended unless the Board of Appeals has held a public hearing on the application for such variation or special use); and (3) section 5.1 of the Village zoning ordinance.

On November 22, 1976, having heard arguments of counsel for plaintiff and the intervenors, the trial court granted the intervenors' motion to dismiss the plaintiff's complaint. The transcript of proceedings of that

date indicates that the trial court suggested that the plaintiff conduct hearings with respect to the 80-unit plan.

The plaintiff filed a motion to vacate the order entered November 22, 1976, and the intervenors filed an answer and objections thereto. On February 10, 1977, having heard arguments of counsel for plaintiff, for the Village, and for the intervenors, the trial court denied plaintiff's motion to vacate the order entered November 22, 1976. The transcript of proceedings of February 10, 1977, indicates that the trial court based its ruling on the failure of plaintiff to exhaust its administrative remedies with respect to the 80-unit plan, and that the trial court took no position with respect to the validity of the agreement which contains the 80-unit plan.

Plaintiff appeals from the order entered February 10, 1977, insofar as it dismisses plaintiff's complaint. The intervenors have filed briefs in this appeal but the Village has not filed a brief.

The following issues are raised for our review: (1) whether plaintiff exhausted its administrative remedies with respect to the 113-unit plan; (2) whether the notice of the April 21, 1972, public hearing was proper; (3) whether the agreement which contains the 80-unit plan, upon which the trial court did not rule, is valid; and (4) whether plaintiff exhausted its administrative remedies with respect to the 80-unit plan.

Plaintiff contends that we should not consider the issue of whether it exhausted its administrative remedies with respect to the 113-unit plan since it was first raised by the intervenors in their motion to dismiss and it had not been raised by their answer to plaintiff's complaint. Plaintiff argues that it was a "new issue" introduced by the intervenors after the issues had been framed by the complaint and the answers of the Village and the intervenors. As plaintiff has failed to include the complaint and the answers of the Village and intervenors in the record of the instant appeal, we shall consider the intervenors' contention that plaintiff did not exhaust its remedies as to the 113-unit plan. They argue that the density limitations of the Village zoning ordinance (section 5.1(c)(8) and 16(b)) would allow a maximum of only 83 dwelling units to be constructed on the subject property, and therefore a variation of the R-4 District Standards (section 16) should have been sought by plaintiff instead of "rezoning."

The Village Board of Trustees considered the plaintiff's petition for rezoning as a request for an amendment to the R-4 District Standards (section 16). "Although four members of the seven-member Village Board of Trustees voted for the proposed change, an affirmative vote of two-thirds of the members was required, because the proposed change was 'protested' by 'nearby single family homeowners,' and consequently the change was denied." (*Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1st Dist. 1975), 29 Ill. App. 3d 539, 540, 331 N.E.2d 172;

see Ill. Rev. Stat. 1971, ch. 24, par. 11—13—14.) The Village Board of Trustees would have made the final determination of whether a variation would be granted to allow construction of 113 units, "* * * and it is unreasonable to assume that it would reverse itself [from a denial of an amendment] and grant practically the same relief [in the guise of a variation]. To insist on the additional useless step would merely give lip service to a technicality and thereby increase costs and delay the administration of justice, which is the very thing we are trying to avoid." *Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 408, 155 N.E.2d 47.

■■ We also reject the intervenors' contention that the notice of the April 21, 1972, public hearing was defective in that it failed to apprise them that plaintiff proposed construction of a 6-story building containing commercial uses on the first floor and 113 dwelling units in the upper 5 floors. Intervenors state in their brief in this court that a notice of public hearing was sent to them which included the location of the property, the legal description thereof, and the request of a zoning change from "R-X to PUD R-4." We believe this was sufficient to constitute a "description of the nature of the application" (Village zoning ordinance, section 30(c)(5)) and a "brief statement of the nature of the * * * special use requested" (Ill. Rev. Stat. 1971, ch. 24, pars. 11—13—1.1, 11—13—7).

Although the record does not reveal whether the notice was published, the intervenors admit that they received the notice, that it was distributed by the chairman of the Village Plan Commission, and that they were signed objectors at the hearing. Indeed, intervenors' efforts at or about the time of the hearing resulted in the denial of plaintiff's petition for rezoning. "[D]efects in notice may not be raised by parties who have actual notice of the meeting, fail to object to the alleged defect at the meeting, and show no prejudice from the alleged defect. [Citations.]" *Armour v. Mueller* (5th Dist. 1976), 36 Ill. App. 3d 23, 28, 343 N.E.2d 251.

■■ In view of the foregoing, we find that plaintiff exhausted its administrative remedies with respect to the 113-unit plan and that the notice of the April 21, 1972, public hearing was proper. We reverse the orders dismissing plaintiff's complaint and remand the cause for further proceedings. This disposition obviates a decision regarding the last two issues raised in this appeal.

The orders of the circuit court of Cook County dismissing plaintiff's complaint are reversed and the cause is remanded for further proceedings.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.