THE AURORA NATIONAL BANK OF AURORA *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF AURORA, Defendant-Appellant.

Second District   No. 79-197

Opinion filed March 14, 1980.

Fred Kawalski, of Aurora, for appellant.

Richard D. Schiller, of Goldsmith, Thelin, Schiller and Dickson, of Aurora, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, city of Aurora, brings this appeal from an order of the Circuit Court of Kane County declaring an amendment to the city's zoning ordinance invalid as applied to property owned by plaintiffs, Aurora National Bank and Lavern Schramer. The central issue is whether the city substantially complied with notice and other procedural requirements in adopting the amendatory ordinance. We hold it did and therefore reverse the order of the Circuit Court of Kane County.

On November 7, 1977, the planning and development committee of the Aurora city council proposed an amendment to the city's zoning ordinance changing the classification of property in a two-block area from manufacturing and multifamily to one- and two-family residential. Notice of a public hearing on the proposed "down-zoning" was mailed to all affected property owners, including plaintiffs, on December 23 and was later published in a local newspaper pursuant to section 11—13—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—14). The notice stated in relevant part as follows:

"Notice is hereby given of a public hearing being held in the Aurora City Council Chambers, 44 East Downer Place, Aurora, Illinois, on Wednesday, January 11, 1978 at 7:00 p.m. (local time) by the Aurora Planning Commission to consider the adoption of a comprehensive zoning map amendment and a rezoning affecting certain properties within the following general area:

—the block bounded by Lincoln Avenue, Concord Street, and Evans Avenue; and

—the western one-half of the block bounded by Evans Avenue, Concord Street, Simms Street, and Logan Street

The general areas of the proposed zoning map amendment and rezoning are legally described as follows:

—All of Langworth and Hoffman's Subdivision of Simm's Addition;

—Lots 5, 6, 7, 8, 11, 12, 15, 16, 19, 20, 23, 24, and 27 in Block 4 of H.H. Evans 2d Addition

All within the City of Aurora, Kane County, Illinois.

Certain properties within the area bounded by Lincoln Avenue, Concord Street and Evans Avenue may be rezoned from their present zoning classification of R-5 Multiple-family District to the R-4 Two-family District if they are currently in Multiple-family or Two-family use or to the R-3 Single-family District if they are currently in Single-family use.

Certain properties within the western one-half of the block bounded by Evans Avenue, Concord Street, Simms Street, and Logan Street may be rezoned from their present zoning classification of M-1 Manufacturing District Limited to the R-4 Two-family District if they are currently in Multiple-family or Two-family use, or to the R-3 Single-family District if they are currently in Single-family use.

YOUR PROPERTY MAY BE
RECOMMENDED FOR REZONING

You are invited to examine a detailed map showing the proposed rezonings at the offices of the Aurora Planning Department, 49 East

Downer Place, Aurora, Illinois, and the Aurora City Clerk's Office, 44 East Downer Place, (City Hall building), Aurora, Illinois, during regular business hours. This map will also be available for inspection at the public hearing.

The public hearing may be adjourned from time to time to dates certain without additional notice.

The map showing the proposed rezonings may be modified after consideration of evidence, comments and suggestions at the public hearing.

All interested parties will be given an opportunity to be heard at the public hearing."

Both parties agree that the notice accurately describes all the property affected by the proposed amendment, but fails to articulate completely the nature of the zoning changes. Specifically, the notice states how property used for residential purposes will be rezoned, but does not indicate how vacant property and property used for manufacturing purposes will be classified. Some of the property owned by plaintiffs in the designated area is either vacant or being used for manufacturing purposes.

Plaintiff Schramer attended the public hearing accompanied by counsel and testified in opposition to the down-zoning amendment but did not at that time object to the sufficiency of the notice. Plaintiffs later challenged the notice at the first city council meeting held following the public hearing. On May 16, 1978, the Aurora city council adopted the amendatory ordinance down-zoning all property within the designated areas to either one- or two-family residential. On May 31, 1978, plaintiffs filed a two-count complaint seeking a declaration that the amendatory ordinance was null and void as applied to all non-residentially-used property. Count I alleged that notice of the public hearing failed to comply with section 11—13—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—14) and that various other procedural requirements established by local ordinance for the processing of zoning amendments were not complied with. Count II alleged that the amendment was unconstitutional in that it bears no substantial relation to the public health, safety and welfare. The trial court granted plaintiffs' motion for summary judgment as to count I and entered an order declaring the amendment null and void as applied to plaintiffs' property. This appeal followed.

The first issue we consider is whether the amendatory ordinance is invalid because the notice requirements of the enabling act and city ordinance were not complied with. Section 11—13—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—14) provides only that "Notice shall be given of the time and place of hearing * * *."

Section 15.4—2 of the Aurora City Code provides that "[a]ll notices shall be in writing and shall give the time, place and purpose of such hearing * * *." In addition to the requirements specified by statute, it has been held that the notice must contain an accurate description of the property affected by the proposed amendment. *Kirk v. Village of Hillcrest* (1973), 15 Ill. App. 3d 415, 304 N.E.2d 452.

■■ Although the notice challenged here correctly describes all the property affected by the down-zoning and contains the time, place and general purpose of the hearing, plaintiffs contend it is nevertheless defective because it fails to state adequately how each parcel will be rezoned. Unlike the notice requirements for a variation or special use (Ill. Rev. Stat. 1977, ch. 24, pars. 11—13—6 and 11—13—7), however, there is no requirement in section 11—13—14 that the notice contain a statement of the changes contemplated by the proposed amendment. Nor is such a requirement imposed by the Aurora ordinance, thereby making it distinguishable from the municipal ordinances at issue in *Bieretz v. Village of Montgomery* (1966), 67 Ill. App. 2d 403, 214 N.E.2d 149, and *Wheeling Trust & Savings Bank v. Village of Mount Prospect* (1978), 64 Ill. App. 3d 1038, 382 N.E.2d 128. The notice issued in this case complied with both the State statute and city ordinance and the trial court erred in holding otherwise.

■■ The next issue we consider is whether the amendatory ordinance is invalid for failure to comply with several procedural requirements imposed by the Aurora City Code for initiating and processing zoning amendments. The trial court found that the ordinance was invalid because the amendment was proposed by the planning and development committee of the city council and not by a party authorized to initiate amendments under section 15.3 of the city code. That section provides that "amendments may be proposed by the mayor or city council, the Planning Commission, the Zoning Board of Appeals [or] any property owner * * *." The planning and development committee, however, has been delegated jurisdiction by the city council over "all matters pertaining to * * * zoning" (section 2—79(c), Aurora City Code) and is therefore authorized to initiate amendments within the meaning of section 15.3.

■■ The trial court also found the amendatory ordinance invalid because the down-zoning proceedings were not initiated by means of a formal ordinance or resolution. Plaintiffs contend that a municipal corporation can only exercise the powers conferred upon it by means of ordinance or resolution (*Zanone v. Mound City* (1882), 103 Ill. 552) and that this principle applies to initiating as well as enacting zoning amendments. The process of initiating the amendment, however, must be distinguished from the process of officially adopting the amendatory ordinance. The

former is strictly an internal administrative or parliamentary procedure with none of the ramifications justifying the safeguards of formal legislative action. Plaintiff's theory of requiring enactment of an ordinance for the conduct of routine administrative business would place an intolerable burden on the operations of municipal government without any corresponding benefit.

Finally, the trial court found the ordinance invalid because a written application for amendment was not filed with the city clerk as required by section 15.4—1 of the Aurora City Code. That section provides as follows:

> "An application for an amendment shall be filed with the city clerk. The application shall be accompanied by such plans or data, and such other information, as specified by the Plan Commission and shall include a statement in writing by the applicant and adequate evidence showing that the proposed amendments will conform to the standards set forth therein. Copies of such application shall be forwarded by the city council to the Plan Commission with the request to hold a public hearing."

Plaintiffs' argument that the application requirement is mandatory whenever an amendment is proposed overlooks the limited purpose of the ordinance. In our view, section 15.4—1 is designed to provide the city council and plan commission with sufficient information to process zoning amendments requested by property owners or other non-governmental interests. It would be both unreasonable and unnecessary to require the council to file such an application with itself when it is the entity that has proposed the amendment. We are not bound by a literal reading of statutes if that reading was not intended or leads to unreasonable rather than logical results. *People v. Beam* (1979), 74 Ill. 2d 240, 384 N.E.2d 1315; *Board of Education v. Community High School District No. 211* (1967), 89 Ill. App. 2d 481, 232 N.E.2d 316.

We conclude that the city has complied with the notice and other procedural requirements of State and local law and that the trial court erred in declaring the amendatory ordinance invalid. Because the constitutional issues raised in count II of the complaint have not heretofore been addressed, the case is remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.