JOSEPH F. BRODNER *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF ELGIN, Defendant-Appellee.

Second District    No. 80-694

Opinion filed May 12, 1981.

Robert C. Kenny, Thomas R. Burney, and Daniel H. Brown, all of Schain, Burney & Kenny, of Chicago, for appellants.

Edwin W. Jentsch, of Elgin, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This declaratory judgment action was brought in the Circuit Court of Kane County by plaintiffs, the owners of seven nonadjoining parcels of real estate situated in the City of Elgin, to attack the City's rezoning of their property. The trial court dismissed with prejudice the first count of their three-count complaint for failure to state a cause of action and dismissed counts II and III because of plaintiffs' failure to exhaust their administrative remedies. Plaintiffs appeal.

In March 1978, the City of Elgin filed applications to rezone approximately 200 parcels of real estate from residential, commercial, and industrial classifications to a proposed "O" Limited Office classification. "O" zoning permits only 6 uses of the property. Among the sanctioned uses are offices, medical laboratories and pharmacies when operated in conjunction with a medical office, municipal facilities, and drive-in banks. (Elgin, Ill., Ordinances, ch. 19.27, §§19.27.020, 19.27.030.) The stated purpose of this zoning classification is to preserve office developments which typically generate less vehicular traffic than other commercial uses and to create buffer zones between residential and commercial or industrial areas. Elgin, Ill., Ordinances, ch. 19.27, §19.27.010.

The City's zoning ordinances provide that applications for amendment of the zoned classification may be initiated by the city council,

designated municipal agencies, the owner, contract purchasers, or others with "a substantial proprietary interest in the property." This section further states: "The written consent of the owner, or his authorized representative, shall accompany all applications." (Elgin, Ill., Ordinances, ch. 19.52, §19.52.030A.) It is admitted by the City that the written consent of the owners was not obtained when it filed applications to rezone the property.

The land use committee of the City of Elgin had public hearings in April, May, and June of 1978 to consider the applications. The plaintiffs own seven parcels of the 200 which were then being considered for rezoning. The plaintiffs appeared at these meetings to protest. The land use committee recommended denial of most of the City's applications including those relating to the properties of the plaintiffs. However, on October 11, 1978, the Elgin City Council approved the applications, among which were those pertaining to the plaintiffs' real estate.

Plaintiffs filed a complaint for declaratory relief against the City of Elgin on December 6, 1979. Count I complained that the City had no authority to accept an application to rezone property without the written consent of the owner and that therefore they had been denied due process by the City's subsequent rezoning. Plaintiffs asked that the amendments to the City Zoning Ordinance rezoning their property be held unconstitutional and invalid, that enforcement of the amendments be enjoined, and that the prior zoning classifications be held proper. Count II alleged that the rezonings were not related to public health, safety, and welfare and prayed for substantially the same relief as in count I. Count II alleged that the prior zoning classifications were the highest and best use of the properties and that the rezoning was unconstitutionally arbitrary and unreasonable and constituted a taking of plaintiffs' property without due process. Approximately similar relief was prayed for. The City moved to dismiss the complaint and its motion was granted by the trial court for the reasons stated above. The plaintiffs have appealed.

Plaintiffs argue that count I was improperly dismissed because the City's failure to gain the real estate owner's consent to its application for amendment of the zoning ordinance rendered it powerless to petition for amendment. It will be recalled that section 19.52.030A appears to require the owner's written consent to "all applications." Elgin, Ill., Ordinances, ch. 19.52, §19.52.030A.

■■ When a statute prescribes certain steps as conditions to the enactment of an ordinance, these steps must be complied with. (*Treadway v. City of Rockford* (1962), 24 Ill. 2d 488, 182 N.E.2d 219 (notice requirement); see *Geneva Residential Association, Ltd. v. City of Geneva* (1979), 77 Ill. App. 3d 744, 397 N.E.2d 849 (requirement of showing that special use will not diminish surrounding property values).) However, the adoption of a

rezoning ordinance is a legislative act (*Anthony v. City of Kewanee* (1967), 79 Ill. App. 2d 243, 223 N.E.2d 738) which constitutes the exercise of the police power (*Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423). Legislative power may not be delegated to private individuals. *People ex rel. Chicago Dryer Co. v. City of Chicago* (1952), 413 Ill. 315, 109 N.E.2d 201.

■■ We accept the City's argument that the consent requirement constitutes an unlawful delegation of the City's rezoning power. Its effect is to confer upon the owner of the property the absolute discretion to decide that no rezoning shall ever occur. And this is true despite the fact that the City may be effecting a comprehensive zoning plan in pursuit of the common good, which the owner may selfishly and arbitrarily frustrate.

*Aurora National Bank v. City of Aurora* (1980), 82 Ill. App. 3d 72, 402 N.E.2d 365, is noteworthy. In that case, we held that a municipal code requirement that data and evidence accompany an application for amendment of the zoning code was designed to provide information only where the property owner or a nongovernmental interest applied. We stated: "It would be both unreasonable and unnecessary to require the council to file such an application with itself when it is the entity that has proposed the amendment." (82 Ill. App. 3d 72, 76, 402 N.E.2d 365, 368.) We are likewise not bound to a literal reading of section 19.52.030A which we believe was intended to insure that application for rezoning made by private persons be limited only to those with a substantial interest in the property. Thus the trial court's dismissal of count I is affirmed.

■■ Plaintiffs' second argument is that the trial court's dismissal of counts II and III of their complaint was erroneous because plaintiffs were not required to pursue any further local remedies. The general rule is that judicial relief from an unlawful zoning ordinance is appropriate only after available local remedies have been exhausted. (*Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 139 N.E.2d 270.) The reason for the *Bright* rule "is found in the practical difficulty encountered by the city council in foreseeing particular instances of hardship, when general restrictions are initially established for a given area." *Bright*, 10 Ill. 2d 178, 185, 139 N.E.2d 270, 274.

■■ ■ While a party will not be required to exhaust his administrative remedies when it would be patently useless to seek relief before local bodies (*Van Laten v. City of Chicago* (1963), 28 Ill. 2d 157, 190 N.E.2d 717 (city twice amended zoning ordinance after suit was filed); *County of Lake v. MacNeal* (1962), 24 Ill. 2d 253, 181 N.E.2d 85 (county brought petition to enjoin defendants' use of the property)), the exhaustion requirement cannot be avoided simply because relief may be, or even probably will be, denied by the local authorities. (*Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 383 N.E.2d 964 (disposi-

tive fact was that university filed suit while its petition for variance was still pending before zoning board); *Bank of Lyons v. County of Cook* (1958), 13 Ill. 2d 493, 150 N.E.2d 97 (plaintiff filed suit after hearing from zoning board officer that it would be useless to apply for rezoning).) We think the case is one in which the plaintiffs should be required to exhaust their local remedies. Plaintiffs' property was part of a group of parcels rezoned to the "O" classification, and if the rezoning was erroneous the local authorities should have an opportunity to correct their mistake and reconsider the ordinance as applied to each of the seven parcels here at issue.

Plaintiffs' citation of *Westfield v. City of Chicago* (1962), 26 Ill. 2d 526, 187 N.E.2d 208, is not persuasive. In *Westfield*, the supreme court held that the property owner was not required to apply to the City of Chicago for a change in a zoning regulation before bringing a declaratory judgment action where the zoning regulation challenged by the plaintiff had been adopted as part of a comprehensive urban renewal plan. But in that case, unlike our own, the comprehensive plan was the result of a vast amount of planning and study. In addition, the City of Chicago had demanded that plaintiff comply with the new zoning ordinance and had threatened suit against her. We see no reason why the full vigor of the *Bright* rule should not apply here, and for that reason the trial court's dismissal of counts II and III (without prejudice) is affirmed.

Affirmed.

VAN DEUSEN and UNVERZAGT, JJ., concur.