169 N.J. Super. 34 (1979)
404 A.2d 50
THE BOROUGH OF ALLENDALE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MAHWAH AND TOWNSHIP OF MAHWAH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 6, 1979.
*36 Mr. James J. Dooley for plaintiff (Messrs. Winne and Dooley, attorneys).
Mr. E. Carter Corriston for defendants (Messrs. Breslin and Breslin, attorneys).
SMITH, J.S.C.
Mahwah and Allendale are neighboring municipalities located in Bergen County's northwest quadrant. Historically, the area along their boundary line has been zoned for and developed with expensive houses on one-acre plots. Mahwah acknowledges that it is a developing community within the context of South Burlington Cty. N.A.A.C.P. v. Mt. Laurel Tp., 67 N.J. 151, app. dism. and cert. den. 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975). Consequently, its ordinances have been revamped in an attempt to provide for a fair share of regional least-cost housing needs. Oakwood at Madison, Inc. v. Madison Tp., 72 N.J. 481 (1977). The Allendale master plan proclaims it to be fully developed and under no similar obligation. See Pascack Ass'n, Ltd. v. Washington Tp., 74 N.J. 470 (1977); Fobe Associates v. Demarest, 74 N.J. 519 (1977).
This skirmish has erupted because Mahwah rezoned some 80 acres of developable borderland to permit housing at an *37 increased density of four units an acre. Its planning board is currently processing an application to construct 200 mixed units of one-family homes, townhouses and garden apartments on the site. Allendale laments that equally suitable tracts that will not utilize its streets for access are available elsewhere in Mahwah; projected increased traffic will destroy the rural nature of its roads; new construction may cause flooding, and nearby property values will decline. Plaintiff's battery of experts conclude that the rezoning of this particular location is arbitrary because it has been selected to minimize adverse effect upon Mahwah's citizens and without regard to impact on Allendale.
When Allendale's governing body authorized this suit our courts were called upon for the first time to settle an intra-municipal dispute generated by Mt. Laurel. Therefore, a new set of ground rules must be established for application in cases of this nature.
STANDING: The issue of whether a municipality aggrieved by the rezoning of its neighbor has standing to sue was raised and reserved in Cresskill v. Dumont, 15 N.J. 238, 245 (1954). The cases following have adopted a liberal approach on the question. See Dover Tp. v. Dover Tp. Bd. of Adj., 158 N.J. Super. 401, 410, n. 2 (App. Div. 1978). Furthermore, the Legislature has since required that "the development of individual municipalities [should] not conflict with the development and general welfare of neighboring municipalities." N.J.S.A. 40:55D-2(d). Plaintiff, as an aggrieved municipality, has requisite standing
Presumption of Validity: This judicially created device is afforded the actions of governmental agencies on the premise that their enactments have a rational basis. Hutton Park Gardens v. West Orange, 68 N.J. 543, 564-565 (1975). Here two municipal governing bodies have taken opposite positions as to the validity of rezoning along their mutual borderline. Since the rezoned land lies entirely in Mahwah, traditional home rule concepts would ordinarily cloak the ordinance with a presumption of validity. But the new *38 Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., mandates a regional approach to these problems. Both municipalities have an interest in this contiguous land and neither is entitled to the benefit of presumption. Disputed facts should be determined by a simple preponderance of the evidence.
Balancing Test: Rezoning to provide a fair share of leastcost housing promotes the general welfare. N.J.S.A. 40:55D-2. As such, it is tantamount to providing an "inherently beneficial" use, and positive aspects should be weighed heavily against zoning harm in determining validity. Yahnel v. Jamesburg Bd. of Adj., 79 N.J. Super. 509 (App. Div. 1963), certif. den. 41 N.J. 116 (1963).
According to Mahwah's planner, its own network of roads will bear the brunt of projected increased traffic. Careful consideration has been given to environmental problems. Many more residents of Mahwah than Allendale live nearby. The tract in question is particularly suited for the proposed development and constitutes only a fraction of the comprehensive municipal rezoning program. Measured by the aforesaid standards, the totality of evidence preponderates in Mahwah's favor.
If a developing municipality must "bite the bullet" and rezone for least-cost housing, its fully developed neighbors must endure the inconvenience of potential increased traffic and decreased property values. Judgment for defendants.