177 N.J. Super. 230 (1981)
426 A.2d 73
THE BOROUGH OF ALLENDALE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MAHWAH AND TOWNSHIP OF MAHWAH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1980.
Decided January 27, 1981.
*231 Before Judges FRITZ, POLOW and JOELSON.
James J. Dooley argued the cause for appellant (Winne, Dooley & Bole, attorneys; David B. Bole, on the brief).
*232 Brian T. Campion argued the cause for respondent Township of Mahwah (Breslin & Breslin, attorneys; Brian T. Campion, on the brief; E. Carter Corriston, of counsel).
PER CURIAM.
In this zoning contest between two contiguous municipalities, plaintiff Allendale appeals from the judgment below which confirmed the legality of some border land rezoning by defendant Mahwah. The trial judge, obviously moved by developmental and regional considerations inspired by So. Burl. Cty. N.A.A.C.P. v. Mt. Laurel Tp., 67 N.J. 151 (1975) and Oakwood at Madison, Inc. v. Madison Tp., 72 N.J. 481 (1977), found the rezoned tract to be "particularly suited for the proposed development." 169 N.J. Super. 34, 38 (Law Div. 1979). In such case, he opined, the requirement that "a developing municipality must `bite the bullet' and rezone for least-cost housing," also mandates that "its fully developed neighbors must endure the inconvenience of potential increased traffic and decreased property values." Ibid. We agree with this position, at least in the circumstances of this case, and so with respect to the substance of the matter we affirm. In thus reporting our reasons for concurrence we recognize, without particular mention (other than our emphasis upon "the circumstances of this case"), the remaining findings in the penultimate paragraph of the published opinion of the trial judge. These are meager to say the least, but assuming, for instance, that "careful consideration has been given to environmental problems" implies that the proposal is found to be free of fatally impinging environmental stresses, they are enough. We are satisfied that such as they are, they might reasonably have been reached on credible evidence in the whole record and we will not interfere. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974).
In his opinion, the trial judge did not address the argument of plaintiff, raised below and again before us, that defendant offended N.J.S.A. 40:55D-28(d) by its failure to amend its *233 master plan to include a policy statement concerning contiguous municipalities. It is undisputed that Mahwah adopted a master plan prior to the August 1, 1976 effective date of the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq. While N.J.S.A. 40:55D-28(d) does indeed require a master plan to contain a specific policy statement concerning its relationship with the plans of contiguous municipalities, the authority to adopt or amend zoning ordinances granted by N.J.S.A. 40:55D-62(a) of the Municipal Land Use Law requires only that the land use plan element of a master plan have been adopted. The newer statute does not require a master plan be conformed to all subsequently adopted statutory requirements before a zoning ordinance may be adopted. We observe that N.J.S.A. 40:55D-89 does not require a general review of the master plan until 1982. We reject plaintiff's argument.
Plaintiff also asserts here, following timely objection below, that certain testimony by defendant's planner "in respect to an application then pending before the Defendant's Planning Board in connection with the development of the PRD-4 zone" was harmful error. While, as plaintiff here insists, this testimony may have had little if any probative value respecting that which plaintiff conceived to be "the fundamental issue: namely, whether or not any studies were conducted during the planning stage to show the impact, if any, on the Plaintiff" (emphasis supplied), we are satisfied it was sufficiently relevant to the fact question respecting traffic impact on Allendale (as contrasted with the question of whether planning stage studies had been conducted) to justify it admission.
Finally, it is apparent from the opinion of the trial judge that a confident judgment in the matter could be reached without any resort to presumptions of any nature. Our affirmance also needs no such buttressing, in our judgment. Accordingly, we find it unnecessary in this case to consider the question respecting what happens to the presumption of validity generally accorded municipal actions in matters in which both contestants *234 are municipalities. For that reason we express no opinion with regard to the statement in the opinion of the trial court that in cases where municipalities have an interest in contiguous land neither is entitled to the benefit of any presumption.
Affirmed.