The TOWN OF WELDON SPRINGS, Plaintiff-Appellant,

v.

ANDOR, INC., A Missouri Corporation, Defendant-Respondent.

No. 54978.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 7, 1989.

Allen D. Kircher, James A. Corchers, St. Charles, for plaintiff-appellant.

---

Rollin J. Moerschel, Lorna L. Frahm, St. Charles, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's order dismissing its petition for failure to state a claim upon which relief can be granted. We affirm.

This appeal is the result of an ongoing zoning and jurisdictional dispute involving St. Charles County, the City of St. Peters (St. Peters) and plaintiff. Defendant's property is located in an area, contiguous to plaintiff's boundary, which is the center of the dispute. The area, originally situated in unincorporated St. Charles County, was zoned C–2, Community Commercial, in accordance with the county zoning ordinances. The area was voluntarily annexed by St. Peters, which rezoned it I–1, light industrial. Plaintiff, in a separate quo warranto proceeding, is challenging the legality of this annexation, arguing it violates the contiguity requirement in § 71.012, RSMo 1986. Plaintiff is also seeking to involuntarily annex the area in question.

Plaintiff filed a separate petition seeking to enjoin defendant from developing its property in accordance with the St. Peters zoning and in violation of the more restrictive county ordinances. Plaintiff alleged the facts set out above plus the following: that St. Peters has no jurisdiction over defendant's property, that the property is immediately proximate to plaintiff's boundary, and that the St. Peters zoning is inconsistent with plaintiff's Plan of Intent and with the St. Charles County zoning ordinances.

Defendant responded with a motion to dismiss challenging plaintiff's standing. The circuit court granted the motion, dismissing plaintiff's petition with prejudice.

In reviewing a dismissal for failure to state a cause of action, we determine whether the facts pleaded and reasonable inferences to be drawn from the allegations, when viewed in the light most favorable to the plaintiff, demonstrate any basis for relief. We accept as true all facts averred in the petition, construe all averments liberally and favorably to the plaintiff and determine whether they invoke principles of substantive law upon which relief can be granted. *San Luis Trials Association v. E.M. Harris Building Co.,* 706 S.W.2d 65, 67 (Mo.App.1986).

On appeal, the only issue is whether the trial court was correct in concluding that plaintiff has no standing to enforce the zoning ordinances of another governing body (St. Charles County). The issue apparently is one of first impression in Missouri. Generally, the criteria for standing in a suit for injunctive relief is "whether [the] plaintiff [has] a legally protectable interest at stake." *Schweig v. City of St. Louis,* 569 S.W.2d 215, 223 (Mo.App.1978). Plaintiff cites several cases from other jurisdictions which hold that, under certain circumstances, a municipality has standing to challenge zoning changes adopted by neighboring municipalities. Plaintiff also cites two Missouri cases for the proposition that an individual landowner has standing to enjoin zoning violations by an adjoining landowner. However, because this case is not one in which the plaintiff is an individual, nor does it involve a direct challenge to the zoning decision of another municipality, we find those cases inapposite. The only case cited by plaintiff directly on point is *Village of Barrington Hills v. Village of Hoffman Estates,* 81 Ill.2d 392, 43 Ill.Dec. 37, 410 N.E.2d 37 (Ill.1980), which involved both a challenge to the adoption of a less restrictive zoning ordinance and an attempt to enjoin development in accordance with the new ordinance. According to the Illinois Supreme Court, in order for a plaintiff to establish standing in such a case, it must allege "that it would be directly injured in its corporate capacity" by the proposed development. *Id.* 43 Ill.Dec. at 39, 410 N.E.2d at 39. In other words, a plaintiff is required to plead special damage or injury. *Id.* at 40, 410 N.E.2d at 40. The plaintiff in *Barrington Hills* successfully pleaded standing by alleging special damages such as increased expenditures for police patrols and for clearing litter and debris; degradation of ambient air quality; and dimunition in property values resulting in decreased tax revenues.

Plaintiff in the case at bar has alleged that it is immediately proximate to the property sought to be developed and that development in accordance with the St. Peters zoning is inconsistent with plaintiff's Plan of Intent. Plaintiff has not, however, alleged any special damage or injury. Thus, even if the Illinois standing rule stated in *Barrington Hills* was adopted in Missouri, plaintiff has not pleaded sufficient facts to bring itself within that rule. The trial court did not err in dismissing plaintiff's petition.

JUDGMENT AFFIRMED.[1]

CRANDALL, P.J., and CRIST, J., concur.

---

**1.** Defendant's motion for damages for frivolous appeal is denied.