Raymond Anthony, et al., The Holy Trinity Parish of the Polish National Catholic Church of America, a Religious Organization, and Donald E. Kazubowski, et al., Plaintiffs-Appellants, v. The City of Kewanee, Illinois, a Municipal Corporation, and Harold W. Hill, et al., Defendants-Appellees.

Gen. No. 66–62.

Third District.

February 10, 1967.

Rehearing denied March 8, 1967.

Welch & Blachinsky, of Kewanee, for appellants.

Fred J. Brown and Don J. McRae, of Kewanee, and William Kirman, of Annawan, for appellees.

STOUDER, P. J.

Plaintiffs-Appellants, filed this action for declaratory judgment in the Circuit Court of Henry County requesting in two counts that a rezoning ordinance of the City of Kewanee be declared void. Count one alleges in substance that Defendants-Appellees, filed a petition with the Kewanee Zoning Board of Appeals requesting that the permitted use of their property be changed from residential to commercial. Objections were filed by Plaintiffs. Hearing was had before the Board which filed its report with the Kewanee City Council for council action. Harold Hill, an attorney and also a member of the Kewanee City Council, represented Defendants in the preparation of their petition and the hearing before the Board. Applicable statutes and ordinances required that where objections were made to a rezoning ordinance the adoption of such ordinance required the favorable vote of two-thirds of the members of the city council. There were five members of the Kewanee City Council and hence four favorable votes were required to adopt a re-

zoning ordinance. At the time the rezoning ordinance was considered by the council, three members voted for and one member voted against the adoption of the ordinance, Harold Hill abstaining from voting. The ordinance consequently failed of adoption. Thereafter Defendants filed a second petition with the Kewanee Zoning Board of Appeals requesting reclassification of substantially the same property. Again objections were filed by Plaintiffs, hearing was held and a report was filed by the Board with the City Council. In these proceedings the Defendants were represented by attorneys not associated with Harold Hill. When the matter was again considered by the City Council the rezoning ordinance was adopted by a vote of four to one, Harold Hill voting with the majority. This count was dismissed on Defendants' motion for failure to state a cause of action.

Count two alleges in substance that the rezoning ordinance is void because it is unreasonable, arbitrary and capricious. Defendants' answer denies the allegations of count two. At the hearing in the trial court Plaintiffs offered four documentary exhibits. Exhibits one and two were respectively the ordinance and the objection filed by Plaintiffs before the zoning board of appeals which exhibits were admitted into evidence. Exhibits three and four were respectively transcripts of the hearings before the Zoning Board of Appeals, the admission into evidence of these exhibits being denied on motion of Defendants. There being no other evidence offered, judgment was entered against the Plaintiffs and in favor of Defendants.

This appeal is before us on the contentions of Plaintiffs that the court erred in dismissing count one of the complaint for failure to state a cause of action and in denying the admission of exhibits three and four into evidence.

■ Plaintiffs argue that Harold Hill as member of the council had a personal interest in the result of the rezoning ordinance because of his representation as an

attorney for Defendants, that his vote in favor of the rezoning ordinance was void and consequently the rezoning ordinance itself is void. We do not find it necessary to determine whether Harold Hill's conduct was in fact improper. The primary question before us is whether or not his motives or purposes as affected by his alleged personal interest may be inquired into in order to defeat the validity of the ordinance. Zoning ordinances are enacted under legislative authority to provide for the public health, safety and welfare. A zoning ordinance is a legislative act as is a rezoning ordinance which is in effect an amendment to the original ordinance. Village of Justice v. Jamieson, 7 Ill App2d 113, 129 NE2d 269. Where the ordinance is within the grant of power conferred by the legislature the presumption is in favor of the validity of the ordinance and the burden is always on the person attacking its validity to show such invalidity. The courts are without power to inquire into the wisdom of an ordinance or the motives which prompted its enactment with the possible exception that municipal ordinances may be impeached for fraud by persons injuriously affected thereby. Stearns v. City of Chicago, 368 Ill 112, 13 NE2d 63; Keig Stevens Baking Co. v. City of Savanna, 380 Ill 303, 44 NE2d 23 and 2700 Irving Park Bldg. Corp. v. City of Chicago, 395 Ill 138, 69 NE2d 827. In Murphy v. Chicago, R. I. & P. R. Co., 247 Ill 614, 93 NE 381, the court applied the rule where the complaint alleged that an ordinance was passed on account of the corrupt motives of the members of the municipal authority, it being alleged that such members had each received before and after the passage of the ordinance, free transportation privileges on the railroads of the Defendants who benefited from such ordinance. The court reiterated the rule that the motives of the members of the municipal authority are not proper subjects of judicial inquiry. If a member of a municipal authority be

deemed to have violated his duty to act in accord with the public interest, it is the responsibility of the electorate to assess his conduct. We do not believe that the general principle is affected by the fact that Harold Hill is an attorney. Matters relating to the ethical conduct of an attorney, even though subject to censure, as in In re Becker, 16 Ill2d 488, 158 NE2d 753, are irrelevant to and independent of the legislative process. In the instant case count one of the complaint alleges only that one of the members of the city council acted from motives of self-interest and not that any fraud was committed. Under such circumstances the trial court did not err in dismissing the complaint for failure to state a cause of action.

██ ██ Plaintiffs next contend that the transcripts were properly admissible in order to show compliance with the procedural requirements of due notice and a proper hearing. No doubt if these issues had been raised by count two of the complaint, such transcripts or a portion thereof might be admissible under such theory. However count two is addressed only to the merits of the ordinance and does not allege improper notice or hearing or that Plaintiffs were denied full and fair participation in the hearing before the Board. We find no merit in this contention of Plaintiffs.

 Plaintiffs lastly argue that the transcripts are admissible because in determining the reasonableness of a municipal ordinance, the court will consider the existing circumstances and contemporaneous conditions, the object to be accomplished, the means provided therefor, and the necessity or want of necessity for its adoption. We agree that facts bearing on the foregoing considerations are appropriately considered in determining the validity of an ordinance, the nature and effect of the ordinance being the primary considerations.

Maskal v. Catholic Bishop of Chicago, 315 Ill App 461, 43 NE2d 206. To indicate the nature of the facts or circumstances which may be appropriately considered as relating to the validity of an ordinance is not determinative of how such facts and circumstances may be proved. The hearing before the Zoning Board of Appeals with relation to the amendment of a zoning ordinance is a part of the legislative process, the Board being deemed a legislative committee. The Board's reports or recommendations are advisory only and it is not required that the evidence produced at the hearings support the Board's conclusion. More importantly, the municipal authority is acting in the performance of its legislative function and the propriety of the exercise of its discretion is not · dependent on the adequacy or sufficiency of its knowledge or of supporting evidence. Village of Justice v. Jamieson, 7 Ill App2d 113, 129 NE2d 269 and 2700 Irving Park Bldg. Corp. v. City of Chicago, 395 Ill 138, 69 NE2d 827. In the instant case the validity of the ordinance is presumed and such validity does not depend on the evidence presented at the hearings before the Zoning Board of Appeals. The transcripts of the testimony are at best secondary evidence, self serving and hearsay. The attack upon the validity of the ordinance is an independent action unrelated to the hearings before the Board of Zoning Appeals. To permit the introduction of the transcripts would deprive the Defendants of their right to have primary or direct evidence presented in open court for assessment and evaluation by the court. In the trial court, counsel for Plaintiffs moved that such transcripts be admitted to expedite the hearing. Although such motive is salutary it is not a substitute for compliance with the rules of evidence. Since such transcripts were inadmissible, the trial court had no alternative except to enter judgment against Plaintiffs.

Finding no error in the judgment of the Circuit Court of Henry County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY and CORYN, JJ., concur.