(No. 52587.—

THE VILLAGE OF BARRINGTON HILLS *et al.,* Appellants, v. THE VILLAGE OF HOFFMAN ESTATES *et al.,* Appellees.

*Opinion filed June 20, 1980.—Rehearing
denied September 26, 1980.*

Ross, Hardies, O'Keefe, Babcock & Parsons, and Friedman & Koven, of Chicago (R. Marlin Smith, Donald J. Kreger, Robert J. Rubin and Wendy U. Larsen, of counsel), for appellants.

Richard N. Williams, of Hoffman Estates, for appellee Village of Hoffman Estates.

Wexler, Siegel & Shaw, Ltd., and Klafter, Burke, Keane & Nathan, of Chicago (Richard L. Wexler, Stuart Smith and Edward M. Burke, of counsel), for appellees Nederlander Realty Corp. of Illinois *et al.*

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiffs, the village of Barrington Hills (Barrington Hills) and the village of South Barrington (South Barrington), filed a complaint challenging the adoption of particular zoning ordinances and the construction of an open-air theater against defendants, the village of Hoffman Estates (Hoffman Estates); Nederlander Realty Company of Illinois, Performance Properties, Inc., Ned Prop, RKO General, Inc. (Nederlander Group); Pioneer Bank and Trust Company; and Fred and Ethel Hansen. The circuit court of Cook County dismissed their complaint on the ground that plaintiffs lacked standing to maintain their action, and the appellate court affirmed. (75 Ill. App. 3d 461.) We granted leave to appeal.

The facts alleged in the plaintiffs' complaint are adequately set forth in the opinion of the appellate court and need only be summarized here. The subject property consists of approximately 212 acres located in Barrington Township, Cook County, and is included in a larger tract of land bounded by the Northwest Tollway on the south, the Elgin, Joliet and Eastern Railway on the west, Higgins Road on the north, and New Sutton Road on the east. The corporate limits of Barrington Hills, a non-home-rule municipality, and South Barrington, a home rule municipality "are adjacent or in close proximity to the property"; and legal title thereto is held in trust by the Pioneer Bank and Trust Company for Fred and Ethel Hansen, the beneficial owners of the property.

It is alleged in the complaint and admitted by the motion to dismiss (*Goodman v. Regional Transportation Authority* (1976), 66 Ill. 2d 20) that the Nederlander Group plans to develop this real estate for an open-air music theater, to be known as the Poplar Creek Music Theater, which would contain approximately 6,000 seats in an auditorium structure and space in the open for an additional 14,000 persons. The project would also require parking spaces for 6,000 to 7,500 automobiles and would involve commercial and concession activities ancillary to the operation of the theater programs. Among the performances contemplated by the developers are rock concerts, jazz festivals, and country-and-western musical programs, all of which would be electronically amplified.

Following a public hearing pertaining to the annexation of the subject property, Hoffman Estates on August 22, 1979, adopted three ordinances: Ordinance No. 1039-1978 authorized the execution of an annexation agreement between the defendants; Ordinance 1040-1978 authorized annexation of the real estate; and Ordinance No. 1041-1978 rezoned a portion of the property to B—2 central business district and the remainder to F farming

district to permit the construction and operation of the theater. Prior to the passage of these ordinances, the real estate was located in an unincorporated area of Cook County and was classified in the R—1 single-family residence district under the Cook County zoning ordinance.

The subject property is located at a substantial distance from the residentially developed area of Hoffman Estates but is in close proximity to residentially developed areas within the corporate limits of Barrington Hills and South Barrington. Pursuant to zoning ordinances, both plaintiffs had adopted comprehensive plans which would restrict the use of the land in the vicinity of the subject property to low-density single-family residences and to agricultural uses.

It was further alleged that the defendant's adoption of the zoning ordinances permitting the construction and operation of the theater denied plaintiffs due process under the Federal and State constitutions, constituted an invalid exercise of police power under the laws of this State, violated the zoning ordinances of Hoffman Estates with respect to the B—2 central business district, and constituted a public nuisance against which temporary and injunctive relief was sought.

Plaintiffs further alleged that the annexation and zoning of the subject property for use and development of the contemplated project would occasion special injury and damage to them in their corporate capacities because of safety hazards on roads and highways within their corporate limits due to traffic congestion; the need to provide additional traffic police at an estimated annual cost to Barrington Hills of at least $42,000 and to South Barrington of not less than $24,000; the diversion of their existing police manpower from their ordinary duties to control theater crowds and to protect their residences from the disorderly activity that might result from persons attending the performances; the cost of purchasing

additional squad cars for use only during the period when the proposed music theater would be in operation and of adding additional permanent police officers to their payroll; the expense of clearing from the roads and highways within their corporate limits the litter and debris which would result from crowds arriving or leaving the theater; the exhaust emissions from increased vehicular traffic which would degrade ambient air quality; the substantial increase in sound levels in the vicinity of the subject property resulting from music amplification and traffic; the adverse effects upon property values and hence tax revenues within the corporate limits of both villages; and the general impairment of the health, safety and welfare of residents of both municipalities.

The appellate court affirmance of the trial court's dismissal of plaintiffs' complaint was predicated upon its conclusion that plaintiffs had failed to demonstrate that they were aggrieved parties with standing to challenge Hoffman Estates' zoning of the subject property. Under its interpretation of this court's opinion in *City of Hickory Hills v. Bridgeview* (1977), 67 Ill. 2d 399, the appellate court specifically found that Barrington Hills and South Barrington had failed to demonstrate that they had a real interest in the present controversy inasmuch as they could not allege that they had been or would be required to provide services directly to the subject property.

The opinion of the appellate court is predicated on an unduly narrow reading of *Hickory Hills*. Since the complaining municipality in that case was obliged under a previous court order to provide water and sewage services to the subject property, this court concluded that it was an aggrieved person with a real interest in the rezoning ordinances adopted by an adjoining municipality. One ordinance rezoned a portion of the area involved from a limited-industrial district to a single-family-residence district, and the other ordinance reclassified a portion of

the subject property to a planned unit development. Our recognition of that municipality's standing to sue was based on its allegations demonstrating that it would be directly injured in its corporate capacity by the challenged ordinances. Nothing in *Hickory Hills*, however, indicates that the "real interest" conferring standing can arise only where the objecting municipality furnishes services directly to the subject property.

Under the rule set forth in *Hickory Hills*, the appellate court in *City of West Chicago v. County of Du Page* (1979), 67 Ill. App. 3d 924, 926, concluded that a municipality's objection to a county ordinance permitting the construction of township offices, a garage, and other facilities within 1½ miles of its single-family-residential district constituted a real interest sufficient to permit its intervention in an action challenging the ordinance. (See also *Forrestview Homeowners Association, Inc. v. County of Cook* (1974), 18 Ill. App. 3d 230.) Decisions in other jurisdictions have similarly recognized that a municipality has standing to challenge the zoning ordinances of another municipality upon showing the existence of a real interest in the subject matter of the controversy. See *Borough of Cresskill v. Borough of Dumont* (1954), 15 N.J. 238, 245, 104 A.2d 441, 444; *Borough of Allendale v. Township Committee of the Township of Mahwah* (1979), 169 N.J. Super. 34, 37, 404 A.2d 50, 51; see also *Ruegg v. Board of County Commissioners* (1978), 32 Or. App. 77, 79, 573 P.2d 740, 742; Annot. 49 A.L.R.3d 1126 *et seq.* (1973); 3 A. Rathkopf, Zoning and Planning ch. 36, sec. 1.2, at 34 (4th ed. 1979 Supp.); Comment, *Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement*, 64 Mich. L. Rev. 1070, 1082 (1966).

Defendants argue that according plaintiffs standing to sue will invite chaos in the relationships between municipalities and flood the courts with zoning litigation. Our

holding, however, is not so broad, since it conditions a municipality's standing to challenge the zoning decisions of other governmental units upon a clear demonstration that it would be substantially, directly and adversely affected in its corporate capacity.

Here, as set forth in greater detail earlier in this opinion, it is admitted for purposes of the motion to dismiss that the development of the proposed project under the challenged zoning ordinances will cause Barrington Hills and South Barrington to suffer special damages in their corporate capacities in the form of a loss of municipal revenues due to a diminution in property values, an increase in municipal expenditures for the hiring of additional police manpower and squad cars to monitor vehicular congestion, the additional expense of clearing litter and debris on their roads and highways that would result from theater crowds, the degradation of ambient air quality due to vehicular exhaust and the increase in sound levels resulting from the electronic amplification of music and traffic flows. While these effects of the rezoning may appear less severe than those in *Hickory Hills*, they nevertheless portend direct, substantial and adverse effects upon the plaintiff municipalities in the performance of their corporate obligations, thus giving them a real interest in the subject matter of the controversy. Their complaint was therefore improperly dismissed.

The judgment of the appellate court affirming the trial court's order dismissing the complaint of the plaintiffs is accordingly reversed, and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*