THE VILLAGE OF RIVERWOODS, Plaintiff-Appellee, v. THE VILLAGE OF BUFFALO GROVE *et al.*, Defendants-Appellants.

Second District No. 2—86—0721

Opinion filed July 16, 1987.

William G. Raysa, of Bloche, French & Raysa, of Oak Park, for appellant Village of Buffalo Grove.

Michael J. Quinn, of D'Ancona & Pflaum, of Chicago (Robert W. Gettleman, of counsel), for other appellants.

Siegel & Warnock, of Chicago (Jack M. Siegel, of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendants, village of Buffalo Grove, La Salle National Bank, as trustee under a land trust, and TCC Riverwalk Partnership, appeal from a judgment of the circuit court entered in favor of the plaintiff, village of Riverwoods, which declared invalid a Buffalo Grove ordinance approving the Riverwalk planned unit development within the corporate boundaries of Buffalo Grove and enjoined that use of the subject property.

On appeal, defendants contend: (1) that plaintiff lacked standing to challenge the ordinance approving the planned unit development; (2) that the proposed use of the property was reasonable; (3) that the planned unit development was not subject to any height restrictions; and (4) that the defendant village of Buffalo Grove complied with the statutory notice requirements in approving the planned unit develop-

ment. As we find the standing issue to be dispositive, we address it first.

The subject property is a vacant, 17.6-acre parcel of land located in the village of Buffalo Grove at the northeast corner of the intersection of Milwaukee Avenue and Lake-Cook Road, immediately west of the Lake County Forest Preserve and the Des Plaines river. Plaintiff, village of Riverwoods, lies east and north of the property, separated from it by the forest preserve and river, a distance of 1,600 feet at the closest point. The Tri-State Tollway and Edens Expressway are located approximately 1½ to 2 miles from the subject property. See attached map.

The property was subdivided in the 1920's but never developed. It was zoned for residential use under the Lake County Zoning Ordinance until January 1984, when it was annexed to the village of Buffalo Grove and rezoned by that village to B-3, Planned Business Center District. The annexation is not disputed by the parties. In October 1985, Buffalo Grove adopted an ordinance approving the Riverwalk planned unit development for the property. The site plan provides for the construction of two 12-story office buildings connected by a one-story concourse, together with two four-story parking structures. A four-acre detention pond would be located in front of the complex at the southwest corner of the property, and a public pathway would be created along the Des Plaines River and the Cook County Forest Preserve on the northeast perimeter of the property. The development would occupy 460,000 square feet and would have access from Lake-Cook Road east of Milwaukee Avenue and from Milwaukee Avenue north at Columbus Parkway.

While the Buffalo Grove comprehensive plan does not include the subject property, prior to its annexation to Buffalo Grove, the Riverwoods comprehensive plan designated the site for single-family residential use. Strip commercial zoning exists along Milwaukee Avenue, and the subject property, even after construction of the proposed buildings, cannot be seen from the village of Riverwoods. Riverwoods is predominantly residential, with a few commercial uses, the largest of which is the Commerce Clearing House headquarters (CCH), which consists of a three-story office building in a campus-like setting. One-half mile east of CCH is the site of the proposed Homart development, which will consist of a four-story corporate headquarters building. East of the corporate boundaries of Riverwoods is the Baxter Travenol Laboratories. The area northwest of Milwaukee Avenue is zoned residential and a large parcel is occupied by a golf course. The area southwest of the subject property lies in the village of Wheeling

and is zoned for business and industrial use. The Cook County Forest Preserve lies southeast of the subject property. The tallest building in the village of Buffalo Grove is Cambridge Lane Condominiums, which has three stories situated over a parking structure.

On consideration of the evidence, the trial court found the village of Riverwoods had standing to challenge the Buffalo Grove ordinance which approved the planned unit development in that village. The court also found that the proposed development would have generated approximately one-half million dollars in annual real estate taxes; that residents of the village of Riverwoods are screened from the site by the forest preserve and separated by the Des Plaines River and there would be no appreciable change in property values in Riverwoods. The court further found that: the density of the proposed development was substantially higher than that of surrounding uses and too heavy for the area; the traffic at the intersection was at its maximum capacity; there was no need for the proposed use; Riverwalk would have an adverse effect on the forest preserve; the character of the area would change; there would be an adverse impact on the village of Riverwoods; and this would be an adverse trendsetter in Lake County. The court concluded that the proposed use was unreasonable and barred implementation of the planned unit development which had been approved by the village of Buffalo Grove.

■■ It has been established that a municipality has standing to challenge the rezoning of property within another municipality where it has shown it is an aggrieved party which would be directly injured in its corporate capacity by the ordinance of the other municipality. (*Village of Barrington Hills v. Village of Hoffman Estates* (1980), 81 Ill. 2d 392, 410 N.E.2d 37, *cert. denied* (1981), 449 U.S. 1126, 67 L. Ed. 2d 112, 101 S. Ct. 943; *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 367 N.E.2d 1305.) In *Barrington Hills,* the court found the municipal plaintiff had standing to complain of the annexation and rezoning of adjacent formerly unincorporated property by the municipal defendant for use as an open-air theatre. It determined that such use would cause the adjoining plaintiff a loss of municipal revenue caused by a diminution of property values, an increase in municipal expenditures for police to monitor traffic congestion, the expense of clearing litter, degradation of air quality, and an increase in sound levels. In *Hickory Hills,* the municipal plaintiff was deemed to be an aggrieved party with a real interest sufficient to challenge the zoning within a contiguous municipality as plaintiff was, in that case, legally obligated to supply sewer and water services to the subject property.

■■ In the present case, the evidence offered at trial was that the Riverwalk development would contribute to the traffic congestion in the area and that the possible diversion of traffic into the village of Riverwoods may increase municipal expenditures for police protection, road maintenance and traffic offense prosecution. The village manager of Riverwoods testified that the police force would be doubled and road maintenance costs increased by 50%. Several witnesses testified generally that the proposed development would decrease property values in Riverwoods; however, none quantified this effect and the trial court concluded there would be no appreciable change in property values. Although the village of Riverwoods lies within 1,600 feet at its closest point to the subject property in the village of Buffalo Grove, it is separated from the site by the river and forest preserve, and the proposed development would not be visible to residents of Riverwood.

On applying the standard set forth in *Barrington Hills v. Hoffman Estates* to these facts, we conclude that plaintiff has not shown a sufficiently substantial adverse effect upon the performance of its municipal corporate obligations. Plaintiff essentially is concerned with possible increased traffic, yet the evidence presented as to the magnitude of that effect was generalized and speculative. Considering that traffic at the intersection of the proposed development is already heavy, and expected to increase even if the site remains undeveloped, any impact by the development upon Riverwoods municipal expenditures is *de minimus*.

We conclude that plaintiff lacks standing to object to the approval of the planned unit development within the corporate limits of the village of Buffalo Grove, and the judgment of the trial court must be reversed on that ground.

■■ ■ We have also considered the evidence as it relates to the findings of the trial court that the proposed use of the subject property was unreasonable, that the intended construction violated height restrictions of the Buffalo Grove building ordinance and that Buffalo Grove failed to comply with certain statutory notice requirements prior to adopting the ordinance approving the development. In each instance, we have concluded that the trial court erred, and its judgment must also be reversed on these grounds.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

HOPF and WOODWARD, JJ., concur.