FREESEN, INC., Plaintiff-Appellee, v. THE COUNTY OF McLEAN *et al.*, Defendants-Appellees (The Village of Downs, Defendant; Joseph K. Bobst, Intervenor-Appellant).

Fourth District No. 4—95—0301

Argued October 11, 1995.—Opinion filed December 11, 1995.—Modified on denial of rehearing January 18, 1996.

John L. Morel (argued), of John L. Morel, P.C., of Bloomington, for appellant.

Larry D. Kuster (argued), of Rammelkamp, Bradney, Dahman, Kuster, Keaton & Fritsche, of Jacksonville, and Robert J. Lenz, of Bloomington, for appellee Freesen, Inc.

No brief filed for other appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Joseph K. Bobst appeals the denial of his motion to intervene in the declaratory judgment action in a zoning dispute between the parties, together with the judgment order entered pursuant to the parties' stipulation and agreement. Bobst asks this court to reverse those orders and remand to the circuit court for further proceedings to enforce the zoning ordinance and/or for a writ of *mandamus* directing the County of McLean to enforce its zoning ordinance. None of the defendants to the declaratory judgment action filed a brief on appeal.

This case is again before this court on appeal following our previous reversal and remand. (See *Freesen, Inc. v. County of McLean* (1994), 258 Ill. App. 3d 377, 630 N.E.2d 1252.) A review of the facts

underlying the first appeal is necessary to a resolution of the issues now before the court.

On March 2, 1992, plaintiff Freesen, Inc. (Freesen), filed applications for a map amendment to the McLean County zoning ordinance, seeking a rezoning of property in which it apparently held a leasehold interest, together with a special use permit. The application sought a change in the property's existing agricultural classification to an M—2 general manufacturing classification, and the special use permit was for the operation of an asphaltic concrete mixing plant, allowed as a special use only within the M—2 classification. The existing agricultural classification allowed for gravel extraction, and a gravel pit lies adjacent to Freesen's property. The McLean County zoning Board of Appeals (Zoning Board) conducted hearings on the applications and in June 1992 recommended to the County Board of McLean County (County Board) that both the map amendment and the special use permit be granted. In June 1992, the County Board denied the map amendment and declined to act on the special use permit due to denial of the requested underlying rezoning. Prior to County Board action, Freesen commenced operation of the asphalt plant. After the County Board's June 1992 decision, Freesen continued the asphalt plant operation. Whether Freesen operated the asphalt plant illegally has not been litigated.

In July 1992, Freesen filed a complaint for declaratory judgment alleging deprivation of the highest and best use of its property and that the prohibition bore no reasonable relationship to the public health, safety, morals, or welfare. In August 1992, Village of Downs (Village) sought to intervene; in January 1993 it was allowed to intervene as a defendant based on its situs less than $1^1/_2$ miles from the asphalt plant. Pursuant to motion and relying on transcripts of testimony presented to the advisory Zoning Board, in August 1992 the circuit court entered summary judgment for Freesen. On appeal, in March 1994 this court reversed and remanded, finding that the trial court had emphasized use deprivation of the property rather than whether the zoning classification as applied to Freesen's property was arbitrary, unreasonable, and without substantial relationship to the public health, safety, morals, or general welfare. As an additional ground for reversal, this court noted that the evidence supporting the summary judgment motion was the inadmissible hearsay evidence presented to the Zoning Board and that both defendants, the County of McLean and County Board, were entitled to confront primary and direct evidence indicating an arbitrary and unreasonable application of the ordinance. (*Freesen*, 258 Ill. App. 3d at 383, 630 N.E.2d at 1256-57.) The mandate was entered on November 28, 1994.

Meanwhile, in June 1994 the Village and Bobst brought an action for enforcement of the McLean County Zoning ordinance which was voluntarily nonsuited without prejudice in September 1994. Village of Downs v. Freesen, Inc. (Cir. Ct. McLean Co.), No. 94—CH—46.

Upon remand, the circuit court conducted a pretrial conference on December 14, 1994, ordering the County Board to answer the complaint by January 31, 1995, and ordering the close of discovery by June 2, 1995. On February 1, 1995, the court allowed a motion to extend all dates set forth in the December 14 scheduling order by 30 days. In response to a media report that defendants had reached a compromise agreement with Freesen to allow continued operation of the asphalt plant, Bobst filed a motion for leave to intervene on March 6, 1995, pursuant to section 2—408 of the Code of Civil Procedure (735 ILCS 5/2—408 (West 1992)), section 5—12017 of the Counties Code (55 ILCS 5/5—12017 (West 1992)), and applicable provisions of the zoning ordinance of McLean County. The motion alleged that Bobst owned and operated a business in the Village, that the operation of the asphalt plant caused odor, noise and dust, impaired the quality of life and environment, diminished the value of his business and property, and was in violation of the agricultural zoning classification which the County of McLean, as a governmental entity with the responsibility for zoning and enforcement of zoning ordinances, refused to enforce. An accompanying complaint alleged that Bobst was a person affected by Freesen's violation of the zoning ordinance which the County of McLean neglected or refused to enforce, and prayed for a declaratory judgment that Freesen cease and desist operation of the asphalt plant in violation of the zoning ordinance and a direction to the County of McLean to take action to prevent improper use on the subject property.

On March 28, 1995, the circuit court acknowledged that the motion for leave to intervene was brought as a matter of right conferred by statute and ordinance but denied it as being untimely. The court noted that Bobst had participated in the proceedings before the Zoning Board, was aware of the dispute long before suit was filed in 1992, and that his interests were adequately represented by the Village. On March 30, 1995, the court entered an agreed judgment order in which the parties stipulated to the sufficiency of the evidence and the propriety of the findings made by the Zoning Board. The judgment provided that (1) the zoning of the subject property is and remains agricultural, subject only to change by legislative action of the County Board, (2) the land was not suitable for agricultural purposes due to its location adjacent to a gravel pit, (3) use as an asphaltic concrete mixing plant was a reasonable use, and (4) the

restrictions of the agricultural zoning as applied to the subject parcel are arbitrary and unreasonable. For some reason—not supported by the record or his nonparty status—the judgment prohibited defendants *and* Bobst from interfering with Freesen's use of the property for an asphaltic concrete mixing plant for a six-year period with a possible four-year renewal, subject, *inter alia*, to improvement of the county road adjacent to the property and payment of $50,000 to the Village. The court retained jurisdiction to enforce the terms of the order.

■■ Bobst first argues that the court erred in denying his petition to intervene for untimeliness. Section 2—408(a) of the Code of Civil Procedure allows for intervention as of right upon timely application "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." (735 ILCS 5/2—408(a) (West 1992).) Section 5—12017 of the Counties Code provides that if any land is used in violation of the zoning provisions or any ordinance, "any person the value or use of whose property is or may be affected by such violation" may institute any appropriate action in the circuit court to prevent such unlawful use or restrain or abate any violation. (55 ILCS 5/5—12017 (West 1992).) Whether the intervention sought is permissive or as of right, the application to intervene must be made in a timely manner, and the trial court's judgment on timeliness will not be reversed on appeal absent an abuse of discretion. (*People ex rel. Hartigan v. Illinois Commerce Comm'n* (1993), 243 Ill. App. 3d 544, 548, 611 N.E.2d 1321, 1324.) The statute giving a right to intervene is to be liberally construed to allow a nonparty to protect interests jeopardized by a pending suit and avoid multiple suits involving issues litigated in a pending suit. (*City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 143, 468 N.E.2d 428, 431.) Factors for determining timeliness include the time an intervenor became aware of the litigation, the amount of time elapsed between initiation of the action and filing of the petition, and the reason for failing to seek intervention at an earlier date. *Hartigan*, 243 Ill. App. 3d at 548, 611 N.E.2d at 1324.

None of the intervention cases cited by the parties are factually similar to the background here. See, *e.g.. Langendorf v. Irving Trust Co.* (1992), 244 Ill. App. 3d 70, 614 N.E.2d 23 (in denying intervention by two class members in a class action lawsuit, the trial court merely indicated that the intervenors' request came at a late date and they had presented no reason why they had to intervene); *Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 393 N.E.2d 1269 (court merely held 19 months was too long to attempt intervention in

a contract dispute); *Hartigan*, 243 Ill. App. 3d 544, 611 N.E.2d 1321 (intervention three years after entry of the decree was untimely where intervenor claimed language in the order was unclear); *Seger v. County of Du Page* (1978), 58 Ill. App. 3d 858, 374 N.E.2d 1099 (petitioners' attempt to intervene 15 months after modification of a declaratory judgment permitting a special use to quarry sand and stone was untimely).

■ In this case, while more than two years elapsed since the declaratory judgment was first filed in July 1992, there was, in fact, a very short time for intervention to be attempted prior to the court's initial entry of summary judgment in favor of Freesen on August 17, 1992, six days after the County of McLean entered its appearance without answer or other pleadings. (*Freesen*, 258 Ill. App. 3d at 379, 630 N.E.2d at 1253.) While Bobst might have sought post-judgment intervention in conjunction with the County of McLean's motion to reconsider, as did the Village, that municipality was then adequately representing intervenor's interest in contesting the entry of summary judgment. While nonparty litigants generally may not rely on other litigants to protect their interests, when a government entity is involved, "interested parties legitimately may assume that their elected officials will adequately represent their interests as members of the general public. Only when the interests of the general public diverge from those of the individual is the private party obligated to take action to protect his interests." (*Standard Bank & Trust Co. v. Village of Oak Lawn* (1978), 61 Ill. App. 3d 174, 179, 377 N.E.2d 1152, 1155.) Bobst here had no reason to expect that his interests did not coincide with those of the Village or that it would not represent them adequately, as it did before this court in the original appeal, until he received indications to the contrary from the media. Moreover, based on this court's reversal and remand of the premature entry of summary judgment, the case had reverted to its initial posture at the time intervention by Bobst was attempted. Thereafter, the only orders entered related to scheduling and the County of McLean had not yet filed an answer to Freesen's complaint. Under such circumstances, we find the circuit court abused its discretion in denying Bobst's motion to intervene.

Freesen filed a motion ordered taken with the case contending that since Bobst was denied intervention in the underlying declaratory judgment action, his only right of appeal is of the order denying intervention and he lacks standing to appeal the judgment order of March 30, 1995, which does not adjudicate any of Bobst's rights or interests. See *Strader v. Board of Education of Community Unit School District No. 1* (1953), 413 Ill. 610, 613, 110 N.E.2d 191, 193

74

(taxpayers denied leave to intervene in a suit for the distribution of a school district's assets were limited on appeal to the order denying intervention where the final decree was not an adjudication of any of their rights or interests).

We need not determine whether standing exists because we deem it appropriate to remand so the zoning issues can first be addressed by the trial court. Therefore, we reverse the order denying Bobst leave to intervene and remand to the trial court with specific directions that Bobst be granted intervenor status and be allowed to present evidence attacking the purported settlement order.

Reversed and remanded with directions.

COOK, P.J., and STEIGMANN, J., concur.